(25 Misc. Rep. 31.)

O'CLAIR v. HALE.

(Supreme Court, Special Term, St. Lawrence County. October, 1898.)

1. ARTISANS' LIENS—SKILLED LABOR—LOGGING.
Laws 1897, c. 418, § 70, providing that one who makes, alters, repairs, or in any way enhances the value of personal property at the request or with the consent of the owner shall have a lien on such article, refers to skilled labor, and not to common labor, such as cutting, skidding, and drawing logs.

2. SAME—PERSONAL PROPERTY.
The statute applies to personal property solely, and hence one who cuts down trees, which are a part of the realty, has no lien for such work.

3. PRACTICE—SUBMISSION ON ADMITTED FACTS.
An application at special term, complying in form with Code Civ. Proc. §§ 1279–1281, in regard to the submission of a controversy on admitted facts, which provide for a trial at the general term where the action is in the supreme court, may be regarded as a motion, so as to be heard at special term, where presented in the form of a motion to direct the resisting party—a receiver, who is an officer of said court—to do certain things.

William Neary, for plaintiff.
George H. Bowers, for defendant.

RUSSELL, J. Upon an agreed state of facts, the parties submit to the court for the determination of their controversy the claim of the plaintiff to payment in full for a lien claimed upon the logs cut by him, and placed in the river for floatage to the mill of the company. His contract with the company was to cut, skid, and draw the spruce logs upon certain sections of the township of Clifton, for which he was to receive $1.35 per 1,000 feet for cutting and skidding the logs, and $1.40 per 1,000 feet for drawing and putting them upon the river. The logs were owned by the company under a stumpage contract with the proprietors of the tract upon which the trees grew. Part of the contract was performed, when its progress was arrested by the appointment of a receiver for the company, as an insolvent corporation, and an order forbidding interference with its property, which suspended the execution of a notice of sale theretofore given by the plaintiff to enforce the lien claimed by him. The company had advanced the plaintiff a part of the moneys due him, leaving a balance of $757.42. The receiver has had the benefit of the logs cut by the plaintiff. It is claimed on behalf of the plaintiff that a common-law lien arose as fast as the logs were cut, and that such lien is recognized by the codification announced by the legislature in Laws 1897, c. 418, § 70, which provides as follows:

"Sec. 70. Artisans' Lien on Personal Property. A person who makes, alters, repairs, or in any way enhances the value of an article of personal property, at the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and material furnished, and may retain possession thereof until such charges are paid."

It is evident that this interpretation of the legislature, if it is a codification of the common law upon the subject, refers to skilled labor, as distinguished from common labor, which has transformed the object into a thing of use by the exertion of skill. The very meaning of the term "artisan" signifies one skilled in some kind of mechanical craft.

Again, the law applies to personal property alone. Before the logs were cut, the trees formed a part of the realty. The act of converting the realty into personal property does not, in its initial stages, constitute a making, altering, or repairing an article of personal property. It might as well be said that one who mows and gathers in a field of standing grass would have a lien upon the hay for the amount of his services.

We must not confound a lien for the enhancement in value of personal property by skilled labor with those contracts which, by their terms or implications, create a special property in the active agent of the product. Counsel for plaintiff cites two cases to confirm his theory of the existence of a lien by operation of law. They are Burgett v. Bissell, 14 Barb. 638, and Weaver v. Darby, 42 Barb. 411,—both cases decided by the late general term in the Seventh district. In the former case the vendor was held to retain a title to the logs cut, as against the vendee, so long as that vendee was in

default, and also the right to add to the price of the land for his expenditure in getting the timber to market. As a matter of course, after default the vendee could not claim the title to the land, or anything growing upon it, without full indemnity to the vendor. In Weaver v. Darby, by the terms of the contract the agent was to be paid on delivery for the oak timber cut, hewn, rafted, and delivered by him to his employer at Troy. He certainly had a special property in the timber until payment. The other cases cited enforce liens upon personal property which has been increased in value by the skill of the artisan until he has delivered possession.

The application here is made, in form, as though under section 1279 et seq. of the Code of Civil Procedure. If this were a case where such a submission was made by parties over whom the court had only the jurisdiction given by these sections, the trial should be before the appellate division; but the resisting party being the receiver or officer of the court, and the person designated as plaintiff presenting the application in the form of a motion to direct the receiver, I regard the application as in the nature of a motion, and direct that the same be denied, with costs.

Motion denied, with costs.