(35 Misc. Rep. 882.)

SCOTT SHOE MACHINERY CO. v. BROAKER et al.

(City Court of New York, General Term.    June, 1901.)

LIEN—LABOR OF ACCOUNTANT.
        Where an accountant has been employed to examine books of ac-
    count at the request of the owner, he has no lien thereon for his services.

Appeal from trial term.

Action by the Scott Shoe Machinery Company against Frank
Broaker and others. Judgment for defendants and against the
plaintiff for $213.40, and plaintiff appeals, with notice of an inten-
tion to bring up for review the overruling of a demurrer to the
answer, an order for an interlocutory judgment overruling such
demurrer, and the judgment. Reversed, and demurrer sustained.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

Alexander & Green (W. Lloyd Kitchel, of counsel), for appellant.
J. Philip Berg, for respondents.

O'DWYER, J. This is an action of replevin for the wrongful
detention of certain books of account. The defendants admit hav-
ing possession of the books, and that the books are the property
of the plaintiff. In order, therefore, to be able successfully to de-
fend this action, it is evident that defendants must allege facts
showing that the books have not been wrongfully detained. Un-
less the allegations contained in the fourth and fifth paragraphs of
the answer set forth such facts, it is clear that they do not consti-
tute a separate and distinct defense, and that the demurrer should
have been sustained. The facts alleged in the portion of the an-
swer demurred to state that defendants were employed by plaintiff
to examine and investigate the accounts contained in certain books
at an agreed price of $300, that the examination has been made,
and that $150 of the agreed price has not been paid to defendants,
for which sum they claim a lien on said books and property herein
above mentioned for the services performed by them as aforesaid.
The defense claimed is that they have a common-law lien on the
books, and that their detention of them is therefore legal and not
wrongful. It follows that if, on an examination of the allegations,
it appears that defendants have no lien on the books, then their
detention of them is wrongful, and the demurrer to this alleged
defense should have been sustained.

At common law, liens were given to attorneys, warehousemen,
wharfingers, and to other special classes of persons. There was
no such thing as an accountant's lien. And, except in the case of
these favored classes, the only persons having a lien at common
law are bailees employed to change, alter, repair, or do work upon
some article, and who by their services have added something to
its value. In this latter class are the liens of tailors, carpenters,
etc. This class appears to be the same as is provided for by sec-
tion 70 of the New York lien law. The defendants certainly do not

come within this class. They have done nothing to the books, but have merely made an examination of them. After their examination the books remained as they were before, nothing whatsoever having been added to their value. The object of the examination made by an accountant is the preparation of a report. The report may be something of value, or it may not, but the books themselves are not the least changed or improved by the investigation. In De Vinne v. Rianhard, 9 Daly, 406, Chief Justice Charles P. Daly said:

"The courts have recognized and allowed without restriction the right of every bailee to a lien on the goods bailed to him, where any additional value has been conferred by him on the chattel, either directly by the exercise of personal labor and skill, or indirectly by the intermediate use of any instrument over which he has control; and that the right, when it does not exist from usage, or is not obtained by contract, depends upon whether any additional value has been conferred by the bailees on the chattel, may be illustrated by the decision in Jackson v. Cummins, 5 Mees. & W. 342, that an agister, or one who takes charge of horses or cattle, has no lien for their keep, because he does not confer any additional value on the animal, but merely takes charge of it and feeds it; and the decision in Scarfe v. Morgan, 4 Mees. & W. 270, that one who receives a mare to be covered by a stallion has a lien, as the mare may be more valuable by proving in foal, in the first of which cases Baron Parke declares the rule to be as follows: The general rule is, in the absence of any special agreement, that, whenever a party has expended labor and skill in the improvement of a chattel bailed to him, he has a lien upon it."

Applying these rules to the answer in question, it is to be noted that the defendants fail to allege either of the following facts, both of which are essential to their defense: (1) That they either made, altered, or repaired the books; (2) that they added to their value or improved them. The judgment and orders appealed from should be reversed, and the demurrer sustained, with costs, with leave to the defendants to amend upon the payment of costs.

Judgment and orders reversed, and demurrer sustained, with costs, with leave to defendants to amend upon payment of costs. All concur.