### BRACKETT v. PIERSON.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

1. LIENS—WAIVER.

   Where one holding possession of personal property on demand of the rightful owner fails to assert his lien, but claims himself to be the owner of the property, the lien is thereby waived.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Liens, § 13.]

2. Logs and Logging—Liens.

    A logger has neither a statutory nor common-law lien on logs for his services in cutting and hauling them to a sawmill.

    [Ed. Note.—For cases in point, see vol. 33, Cen. Dig. Logs and Logging, §§ 60, 65.]

3. Liens—Lien Law—Effect.

    The lien law as codified does not enlarge the lien on personal property given to the artisan beyond that conferred by common law.

    Appeal from Special Term, Saratoga County.

    Action by Edgar T. Brackett against Pearl Pierson. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

    Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

    Albert F. Forthmiller, for appellant.

    Hiram C. Todd (William S. Ostrander, of counsel), for respondent.

    PER CURIAM. The notice of lien served by the defendant makes claim simply for the value of labor and services "in and about the business of cutting, trimming, and preparing logs to be sawed, hauling the same from wood lots in the town of Greenfield to the Cronkhite sawmill in said town, assisting in moving, hauling, and sorting said logs, and doing all work necessary and requisite to be done in and about the same in preparing them to be made into lumber at said sawmill." In the defendant's answer in the case a lien is claimed for substantially the same services. Neither in the notice of lien filed or in defendant's answer is there any claim of a lien for any services in sawing the logs into lumber. It is settled law that, where one holding possession of personal property, upon demand of the rightful owner fails to assert his lien, but claims himself to be the owner of the property, he thereby waives his lien. Everett v. Saltus, 15 Wend. 474; Maynard v. Anderson, 54 N. Y. 641. By analogy it would seem that the assertion of a lien for specific work would bar the laborer from claiming a lien for other work not specified. The issue is then reduced to the question whether the defendant had a lien for cutting and hauling these logs to the sawmill. Upon this question we concur in the reasoning of Justice Russell in his decision in O'Clair v. Hale, reported in 25 Misc. Rep. 31, 54 N. Y. Supp. 386. To the reasoning of that opinion we would simply add that in many states a lien for just this work has been given by statute which would constitute a recognition, at least in these states, that no such lien existed at common law. See 19 Am. & Eng. Ency. of Law, p. 531 et seq. While our lien law has been codified, there has been no attempt to enlarge the lien given to the artisan beyond that given by common law. The judgment should therefore be affirmed.

    Judgment affirmed, with costs.