JEANETTE DOLL Co., INC., Appellant, *v.* SALVATORE CUSMANO and Others, Trading as MANHATTAN TOY AND DOLL MANUFACTURING COMPANY, Respondents.

Supreme Court, Appellate Term, First Department, April Term — Filed May, 1923.

Conversion — dies furnished manufacturer to make goods — refusal to return dies — manufacturer has no lien — judgment for plaintiff.

Where one uses an article or instrument delivered to him by the owner for the purpose of doing certain work for him, the one so using it is not entitled to an artisan's lien on the instrument itself.

Where Kewpie doll dies owned by plaintiff were furnished by it to defendant for the purpose of manufacturing the dolls, the presumption is that the value of the dies was not enchanced by the transaction.

Upon completion of the work defendants refused to comply with plaintiff's demand for a return of the dies unless upon payment of the costs of installing the dies in defendant's factory. The main issue in an action in conversion for the value of the dies was whether plaintiff had agreed to pay such costs. *Held,* that a judgment in favor of the defendants in the amount of such costs on the ground that they had a lien on the dies for the amount demanded will be reversed and judgment directed in favor of plaintiff for the amount sued for, with costs in this court and in the court below.

*Conrow* v. *Little,* 115 N. Y. 387, distinguished.

APPEAL from a judgment in favor of defendants and against plaintiff on trial had before the court without a jury.

*Harry G. Herman,* for appellant.

*John H. Gamaldi,* for respondents.

*Per Curiam.* The action is in conversion to recover $600, the value of two sets of Kewpie doll dies. The answer is a general denial and a defense that the dies in question are held by virtue of a lien thereon. It appears that plaintiff contracted with defendants to manufacture a certain lot of dolls from dies furnished by plaintiff. On the completion of the work plaintiff demanded the return of the dies, which was refused unless plaintiff paid defendants the sum of thirty dollars, the cost of installing the dies in defendants' factory, which defendants contended plaintiff had agreed to pay. This was denied by plaintiff and raised the main issue in the case, which was decided in favor of defendants, the court holding that they had a lien on the dies mentioned in the sum of thirty dollars, and awarding judgment accordingly.

The law is well settled that when an article or instrument is delivered by the owner thereof to another, with which instrument the latter is to perform work for the former, the person so using it is not, at common law, entitled to a lien on the instrument itself.

See 6 C. J. 1133, and cases there cited. Undoubtedly a lien would exist on the work resulting from the use of the article or instrument referred to but not on the article or instrument itself. The leading case on this question is *De Vinne* v. *Rianhard*, 9 Daly, 406. That was an action to foreclose a lien by plaintiff, a printing company, upon certain printing type owned by the McKillop & Sprague Co., of which the defendant Rianhard had been appointed receiver, which was furnished by McKillop & Sprague to plaintiffs to print a publication issued by them. In holding there was no lien Chief Justice Charles F. Daly said: " The type from which the plaintiffs printed the " Register " from time to time for the McKillop & Sprague Company was furnished by the company, and belonged to them. It cannot be assumed that the value of it, as type, was enhanced by the plaintiffs' printing from it. On the contrary, if there is any inference it is that the constant use and printing from the type would diminish its value." And so it is with the dies in the instant case. They were owned by plaintiff and furnished to defendants for the purpose of manufacturing the dolls and it must be presumed the value thereof was not enhanced by the transaction in question. Nor does the general Lien Law enlarge in any way the right of lien given an artisan over that granted by the common law. *Brackett* v. *Pierson*, 114 App. Div. 281. Our attention has been called to a number of decisions of courts of other states in conformance with the doctrine laid down in the *De Vinne* v. *Rianhard* case which it is unnecessary to cite herein as they may be found as a foot note to the Corpus Juris citation above referred to. The case of *Conrow* v. *Little*, 115 N. Y. 387, cited by defendants in support of the judgment, is not analogous to the case at bar and is clearly distinguishable therefrom. It follows, therefore, that defendants are not entitled to the lien granted and that judgment awarding such must be reversed.

The action being in conversion and the value of the chattels at the time of the conversion having been fixed by competent proof at the sum of $600, the amount sued for, we direct judgment in favor of plaintiff for that amount together with costs in this court and the court below.

Judgment reversed, with $30 costs, and judgment directed in favor of plaintiff for $600 and costs.

All concur. Present: GUY, BIJUR and DELEHANTY, JJ.

Judgment reversed.