Benjamin Brenner, J.
Plaintiff moves for a mandatory injunction pendente lite requiring defendant to restore to plaintiff certain papers and documents which the latter requires as an attorney at law in the prosecution of a proceeding now at the eve of trial in the United States District Court. In substance, it is asserted that plaintiff engaged defendant to conduct an investigation concerning the matter involved in the proceeding in the District Court; that defendant took into his possession from plaintiff’s files exhibits, documents, interrogatories and reports in addition to other papers pertaining to said proceeding and that defendant now refuses to return the same to plaintiff; that the actions of the defendant are destructive of plaintiff’s rights and will cause immediate, material and irreparable injury to the plaintiff. Defendant asserts that plaintiff has refused to pay him for the investigation and that defendant has a lien on the papers.
Assuming arguendo that the defendant has a lien, such lien can only extend to papers and documents which he has produced, altered or enhanced in value (Scott Shoe Mach. Co. v. Broaker, 35 Misc. 382). It seems obvious to me that, at least as to some of the papers withheld by him, the defendant has done nothing but examine them and that after their examination, these remained as they were before, nothing whatsoever *959 having been added to their face value. The report of the investigation which ensued may indeed have much value but the original papers and documents withdrawn from plaintiff are not at all involved, if not augmented. The defendant can claim no lien as to those papers, and a trial as to them would be a futility.
The situation created by defendant is thus unusual and destructive of plaintiff’s rights. Actual and irreparable injury may result from the withholding of the aforesaid papers imminently needed for trial in the Federal court. The motion is therefore granted to the extent that the defendant shall be required to return to plaintiff all documents, papers and exhibits which have not been produced or enhanced in value by the defendant, and denied as to the others. In the event that the parties cannot mutually agree within five days after the entry of the order to be entered herein as to what papers, documents and exhibits are to be returned, this court, upon application, shall refer the same to an official referee to hear and determine if the parties so agree, otherwise to hear and report.
Settle order on notice.