Walter B. Hart, J.
Petitioner has instituted this article 78 proceeding for an order directing the respondent to restore him as a member of the board of directors and rescinding the resolution which expelled him.
Bespondent has served no answer but instead, by cross notice of motion, has applied to the court to dismiss the petition for insufficiency. This motion is predicated on the contention that petitioner failed to establish that his removal was in violation of the constitution or any by-law of the organization; and in fact the by-laws of the corporation were not presented to the court. While the by-laws are not incorporated in the petition, *220 either in detail or substance, the portions pertinent to the instant proceeding are set forth in respondent’s brief and purport to permit the board of directors to remove a member thereof with or without cause.
The court is of the opinion that it is unnecessary to determine at this time whether the by-law, insofar as it authorizes the board of directors to remove a member without cause, contravenes section 20 of the Membership Corporations Law which empowers a membership corporation to make by-laws “not inconsistent with law * * * regulating * * * suspension * * * of members ”. Suffice it to say that if the expulsion is alleged to be for cause it may only be “ had after fair notice to the offending member and full opportunity to be heard in his own behalf. In other words, the law insures to every member of such an association a fair trial * * * in accordance with * * * the demands of fair play, which in the final analysis is the spirit of the law ” (cases cited). (Bricklayers’, Plasterers’ & Stonemasons’ Union v. Bowen, 183 N. Y. S. 855, 859.) From the petition it appears that at the time of the meeting called to hear the charges against him, petitioner made certain requests in writing which were refused. These requests included inter alia that he be granted the right of confrontation of the witnesses against him; that he be permitted to cross-examine these witnesses, and that he be afforded the right to produce witnesses on his behalf. If these facts are established upon a trial, a court may well conclude a petitioner was deprived of substantial rights without due process of law.
Accordingly there would be thus presented for review by this court, the question as to whether in making its determination respondent “violated a rule of law” to the prejudice of the petitioner. (Civ. Prac. Act, § 1296, subd. 5.)
Accordingly respondent’s motion is denied and respondent is directed to answer the petition within 10 days after the service of a copy of the order herein with notice of entry.
Settle order on notice.