Harold Tessler, J.
Plaintiff seeks an injunction pentente lite (1) restraining defendants from enforcing any order removing the plaintiff from membership and as a director in the Queensboro Federation of Parents’ Clubs, Inc., (2) directing defendants to reinstate plaintiff as a director of the defendant corporation and , (3) restraining defendants from holding elections for a director on December 16, 1963.
Defendant Ethel Tzougros, president of the defendant corporation, in opposition contends that “ plaintiff was discharged as a director of defendant corporation on November 20, 1963 * # * that plaintiff was properly and duly discharged pursuant to the procedures then existing for such purpose. * * * Deponent was in charge of said meeting and charges were made against plaintiff and based upon these charges, a vote was taken and plaintiff was discharged. Plaintiff did not remain at the meeting as she admits in her affidavit.”
The following is undisputed: The plaintiff was duly elected a member of the board of directors of the defendant corporation on May 18, 1962, for a term of three years; the only notice for the November 20 meeting was by way of a post card calling for “ Presidents should be prepared to submit names for Junior Director together with her qualifications ’ ’; that no notice was ever given to the plaintiff that any charges were to be made against her or were even being considered; that plaintiff was not present when the “ charges ” were made and the vote taken; that she was orally notified of her removal on December 2, 1963, and by letter dated December 11, 1963; that there is no prescribed procedure for the removal of a director in the constitution and by-laws of the defendant corporation, except the reference to same as contained in section 5 of article III which reads as follows: ‘ ‘ Upon the refusal or neglect of a member of the Board of Directors or Chairmen to perform the duties of office or chairmanship or the absence from three (3) consecutive Board Meetings without an excuse acceptable to the Board, the Board of Directors shall have the power to declare the office or chairmanship vacant by a two-thirds (%) vote.”
Apparently, defendants acted pursuant to the afore-mentioned provision of the constitution. Plaintiff’s dismissal, accomplished without notice of any kind or the right of confrontation, is offensive and contrary to our fundamental processes of democratic and legal procedure, fair play and the spirit of the law. (See Gilmore v. Palmer, 109 Misc. 552; Bricklayers’, Plasterers’ & Stonemasons’ Union v. Bowen, 183 N. Y. S. 855, 859; People ex rel. Holmstrom v. Independent Dock Bldrs.’ Benevolent *173 Union, 164 App. Div. 267; Matter of Norman v. Roosevelt Democratic Club, 17 Misc 2d 219.)
It appears that the plaintiff was removed from office and membership by what amounts to a “ kangaroo court”. It is implicit in her dismissal and defendants’ refusal to permit her to attend meetings and carry out her duties and activities as a director that she has suffered and will continue to suffer irreparable damage pending the final determination herein.
I find that the plaintiff has demonstrated a clear right to the relief requested, except as regards the scheduled meeting on December 16, 1963, which predated the hearing of the instant motion. Accordingly, defendants are directed to reinstate the plaintiff as a member and director of the defendant corporation and are jointly and severally restrained and enjoined from interfering with plaintiff in her duties as a director and/or member of the defendant corporation.