Charles Margett, J.
In this action, plaintiff seeks to enjoin the defendant, who is chairman of the hoard of directors of the Jamaica Community Corporation, from conducting hoard meetings unless and until the plaintiff is permitted to participate as a duly elected member of the said hoard of directors.
Plaintiff now moves for an injunction, pendente lite, restraining the said defendant or any member of the board from (1) holding a meeting of the hoard of directors excluding the plaintiff and (2) acting contrary to the policy and guidelines of the New York City Council Against Poverty.
It appears from a review of the papers submitted on this motion that the plaintiff was duly elected to serve as a member of the board for a one-year term commencing in June, 1967; that the defendant is the chairman of the said board of directors and, in that capacity, sent a letter to the plaintiff dated October 4,1968 which purported to terminate plaintiff’s membership on the board; and that no election has been held by the corporation to choose a successor to the plaintiff.
*854 Without determining the extent to which the corporation is bound by the alleged policy and guidelines of the New York City Council Against Poverty, it does appear that that agency approved the formation of the corporation and at the same time proposed an election plan which provided for, inter alia, the election of 15 at-large members of the board for one-year terms, 19 representative members from various districts for two-year terms, and 6 additional members appointed by the elected members of the board for one-year terms.
The issue which must be determined upon the trial of this action is whether the plaintiff should be permitted to continue to serve as a member of the board until his successor is chosen or whether his seat automatically became vacant at the end of his one-year term. The court cannot finally resolve that issue on this motion. A determination on a motion for a preliminary injunction does not determine the ultimate issues in the action. (Columbia Gas of N. Y. v. New York State Elec. & Gas Corp., 56 Misc 2d 367; Tremsky v. Green, 106 N. Y. S. 2d 572.) However, where it is shown that there is a strong possibility of ultimate success in the action and an immediate need to prevent irreparable harm, a temporary injunction may be granted. (Westbury Electronic Corp. v. Anglo-American Totalisator Co., 52 Misc 2d 1060, revd. on other grounds 28 A D 2d 683; Graham v. Board of Supervisors of Erie County, 49 Misc 2d 459, mod. on other grounds 25 A D 2d 250, app. dsmd. 17 N Y 2d 866.)
The preservation of the status quo may also demand that the court invoke its power to grant relief in advance of trial. (Bachman v. Harrington, 184 N. Y. 458; Engelhardt v. Fessia, 31 Misc 2d 127; Sterling v. Brahms, 10 Misc 2d 958; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.06, p. 63-14.)
The by-laws of the Jamaica Community Corporation and the Membership Corporations Law do not provide that a director shall serve until his successor is chosen. In fact, they are silent on that precise point (cf. Business Corporation Law, § 703). In the absence of some other controlling law, both section VIII of the by-laws and section 45 of the Membership Corporations Law set forth procedures for filling vacancies until the next annual election. However, section 21 of the General Corporation Law does provide that: “If the directors shall not be elected on the day designated by law or fixed in the by-laws, the corporation shall not for that reason be dissolved; but every director shall continue to hold his office and discharge *855 his duties until his successor has been elected.” (Emphasis supplied.)
In the absence of conflicting corporate law, the foregoing provision of the General Corporation Law must be deemed controlling, since the intention of the Legislature was to provide a consistent scheme of corporate legislation. (General Corporation Law, § 6; Gause v. Boldt, 49 Misc. 340, affd. 115 App. Div. 897, affd. 188 N. Y. 546; School of Music of Brooklyn Free Musical Soc. v. Moritt, 145 N. Y. S. 2d 645.) The court is therefore of the opinion that under the present posture of the law, the plaintiff’s position is sound and he does have a strong possibility of success in this action.
It is also significant that plaintiff was apparently permitted to attend board meetings subsequent to June, 1968 and prior to the letter of October 4, 1968. In fact, the letter refers to the expiration of the plaintiff’s one-year term of office “ and the various extensions ”.
Defendant’s actions purporting to remove plaintiff from the board and calling a board meeting without duly notifying plaintiff are ‘ ‘ contrary to our fundamental processes of democratic and legal procedure, fair play and the spirit of the law” (Brevetti v. Tzougros, 42 Misc 2d 171, 172), and all the more so when he is charged with the responsibility of directing a quasi-public corporation which is financed by public funds and represents the needs and aspirations of an entire community.
It is implicit that if defendant continues to bar the plaintiff from board meetings and refuses to permit him to carry out his duties and activities as a director, the plaintiff (and those members of the corporation who elected him to office) will suffer irreparable damage pending the final determination of this action. Although plaintiff may have other legal remedies, equitable relief will not be denied merely because a legal remedy exists. (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.04.)
The court takes cognizance of the fact that the defendant has been sued in his individual capacity and not as chairman of the board of directors. However, the papers in this action could in no way be construed to sue the defendant individually and since the defendant has already appeared and answered the complaint, the court on its own initiative grants leave to the plaintiff to amend the caption accordingly. No substantial prejudice will result from such amendment. (CPLR 2101, subd. [f]; see City of Mt. Vernon v. Best Development Co., 268 N. Y. 327.)
*856 For the foregoing reasons, I find that plaintiff has demonstrated a clear right to the relief requested. The defendant is directed to reinstate plaintiff as a director of the corporation and is restrained and enjoined from interfering with plaintiff in his duties as a member of the board of directors.