Thomas 0. Chimera, J.
This is a motion by plaintiff in an action for injunction and damages, for a temporary injunction compelling defendant, a certified public accountant, to surrender and return certain books and records consisting of “ ledgers, journals, check books, bank statements and records and payroll records ” upon which he asserts a retaining lien for alleged substantial unpaid fees.
The defendant says that his duties as accountant consisted of more than merely auditing plaintiff’s books; that defendant had plaintiff’s books and records in the former’s office for the purpose of working on them; that defendant ‘ ‘ prepared payrolls, drew checks, made entries, devised .systems and acted as bookkeeper ” for the plaintiff corporation.
Plaintiff charges on the other hand, that because of and in the wake of defendant’s discharge by plaintiff, the former presented “ additional bills in the sum of $35,281.98 for services rendered during periods of 1971 and 1972, despite the fact that he had been paid on a current basis for services rendered during said periods, in accordance with bills covering such periods, which he had previously rendered ” and that these are the alleged unpaid fees for which defendant asserts a lien on plaintiff’s books and records.
Defendant indicates in his answering papers that he ‘ ‘ will counterclaim in this action for the sum alleged to be due. ’ ’
Plaintiff relies heavily on Scott Shoe Mach. Co. v. Broaker (35 Misc. 382) and 8 NYCRR 70.5, for the proposition that accountants have no right to assert liens on their clients’ books and records.
We turn first to 8 NYCRR 70.5.
Plaintiff contends that in refusing to return his books and records, defendant violates 8 NYCRR 70.5 and is therefore guilty of unprofessional conduct.
Defendant, on the other hand, claiming awareness of the rules of the Commissioner of Education, and, obviously acting on his, attorney’s, advice, states that he has returned all of the books and records to which plaintiff is entitled, retaining only those books and records “ which he worked on and created for the plaintiff.” The principal argument of defendant’s attorney is' to the effect that if 8 NYCRR 70.5 be construed adversely to his position, such construction would be in conflict with section *27 180 of the Lien Law which “ supercedes any rule made by a Commissioner.”
Section 70.5 of title 8 of the Official Compilation of Codes, Rules and Regulations of the State of New York (8 NYCRR 70.5), insofar as pertinent to this decision, provides as follows:
“ (a) A certified public accountant or a public accountant of this State shall be guilty of unprofessional conduct if he: # *
u (13) refused to furnish to his client upon request w v *
“ (ii) any accounting or other records belonging to or obtained for the client which he or his firm may have had occasion to remove from the client’s premises or to receive for the client’s account, but this shall not preclude him from making copies of such documents when they form the basis for work done by him or his firm. ’ ’
The validity of 8 NYCRR 70.5, is established by the New York State Constitution (art. IV, § 8), having been filed in the office of the Department of State and published by the Legislature pursuant to sections 102 through 106 of the Executive Law. When these are reasonable rules not in conflict with any other law they have the force and effect of law. (1 N. Y. Jur., Administrative Law, § 102 and authorities therein cited.)
The language of 8 NYCRR 70.5 could be construed so as to include any books and/or records belonging to a client which an accountant has “ worked on and created for the [client] ”, But in all fairness, it must be said first, that the said language is hardly precise, and, secondly, that the specific question does not appear to have been answered in any disciplinary proceedings coming before the Board of Regents, of which this court is aware. Nevertheless, this court is without authority in the first instance to determine if defendant’s acts constitute professional misconduct, such authority being vested exclusively in the Board of Regents pursuant to section 6510 of the Education Law.
Scott Shoe Mach. Co. v. Broaker (35 Misc. 382, 383, supra), is authority holding that an answer of defendants — accountants asserting a lien in a replevin suit, was demurrable where u they have done nothing to the [client’s] books, but have merely made an examination of them [for the purpose of preparing a report] the books remained as they were before, nothing whatsoever having been added to their value.”
In granting leave to defendants to amend their answer by alleging “ either of the following facts, both of which [were] essential to their defense: 1. That they either made, altered or repaired the [plaintiff’s] books. 2. That they added to their *28 value or improved them ”. The court, in Scott Shoe Mach. Co. v. Broaker (35 Misc. 382, 384, supra), appears to have concluded on the one hand, that accountants have no common-law liens as such, and on the other hand, that they could acquire a retaining lien under the former section 70 of the New* York Lien Law, if they had performed services of any nature on the hooks and records themselves as distinguished from rendering services utilizing the said books and records as source material.
The latter conclusion was clearly an expression of opinion wholly unnecessary to the disposition of the Scott Shoe Mach. Co. v. Broaker case (supra), and is not binding on this court. *1 If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the. dicta of the writer of the opinion and not the decision of the court. A judicial opinion, like evidence, is only binding .so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance.” (Colonial City Traction Co. v. Kingston City R.R. Co., 154 N. Y. 493, 495).
This court’s opinion that the “ broader statements ” in Scott Shoe Mach. Co. v. Broaker (supra), are dicta, appears to have been shared by Brenner, J., in Sterling v. Brahms (10 Misc 2d 958) the only other comparable case in this jurisdiction. There Sterling engaged Brahms, an accountant, to conduct an investigation concerning a matter involved in a United States District Court proceeding. Brahms was said to have taken into his possession from thé Sterling files exhibits, documents, interrogatories and reports in addition to other papers pertaining to the said proceeding and thereafter refused to return them to Sterling asserting that Sterling had refused to pay him for the investigation and that he had a lien on the papers. Citing Scott Shoe Mach. Co. v. Broaker (supra), Mr. Justice Brenner said (p. 958): “ Assuming arguendo that the defendant [Brahms] has a lien, such lien can only extend to papers and documents which he has produced, altered or .enhanced in value”. (Emphasis supplied.)
Section 70 of the New York Lien Law referred to in Scott (supra), was the Lien Law of 1897 (ch. 418, § 70), subsequently incorporated without change into section 180 of the Lien Law (L. 1909) and amended (L. 1968, ch. 30, § 1, effective March 12, 1968) by adding the words u or performs work or services of any nature and description upon ”.
As amended, section 180 of the Lien Law reads as follows.: u A person who makes, alters, repairs or perf orms worh or s.erv *29 ices of any nature and description upon, or in any way enhances the value of an article of personal property, at the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid. ’ ’ (Emphasis supplied.) Throughout the history of section 180 of the Lien Law (formerly § 70), the legislative intent comes through clearly and substantially unchanged in its heading, in its content, in this jurisdiction’s early judicial opinions and in the primary source, material on the legislation, resulting in the 1968 amendment.
The original section 70 of the Lien Law and its successor section 180, in intent and effect, are simply declaratory of the common law granting to an artisan a lien upon personal property for work done thereon with right to retain possession of it until the lien is discharged either by payment or proper tender. (Smith v. O’Brien, 46 Misc. 325, affd. 103 App. Div. 596.) “ Nor does the general Lien Law [§ 180 prior to the 1968 amendment] enlarge in any way the right of lien given an artisan over that granted by the common law.” (Jeanette Doll Co. v. Cusmano, 120 Misc. 782, 783; Brackett v. Pierson, 114 App. Div. 281.) (Emphasis supplied.)
It is suggested with some emphasis that if prior to the 1968 amendment of section 180, the statute were held not to be broad enough to grant to accountants a lien on their clients’ books and records denied them at common law, the amendment of the said statute by adding the words “or performs work or services of any nature and description upon ” was apparently intended to give to accountants, among others, the same privileges accorded artisans at common law. This suggestion is without merit since the Legislature appears to have had a different purpose in mind.
An examination .of the “ Memorandum of Neighborhood Cleaners Association, New York, New Jersey, Connecticut” (N. Y. Legis. Annual, 1968, p. 93) discloses the legislative intent for the 1968 amendment, to be: “ Personal property services, liens. A. 575, Yoswein Ch. 30. Lien Law, §§ 180, 200-202. The bill would clarify existing lien law to provide that a lien is applicable with respect to work or services performed on articles of personal property, such as drycleaning or laundering, even where there is no alteration or repair as such, nor is there a definable enhancement of value of such an article. Various provisions of Article 9 would be amended to provide a simpler pro *30 cedure for enforcing liens on personal property having small value.”
Counsel for defendant makes the further point that there is authority for his position, notably, Myra Foundation v. Harvey (100 N. W. 2d 435).
In Myra (supra), the Supreme Court of North Dakota considered issues, at first blush, almost identical to those now before this court and noted (pp. 439, 440):
■ “In the ordinary case where the client furnishes the aecounitEÉnt with a completed set of books and the accountant prepares an audit report or income tax statement upon the basis of the information contained in the client’s books, we think it clear that the accountant would have no lien for compensation upon the client’s records. However, the fact that an accountant had no lien at common law would not prevent him from acquiring a lien under the provisions of Sec. 35-2011, supra, if the facts under which he claims the lien fulfill the conditions of the statute. * *
“ The books [at issue] were articles of personal property lawfully in the possession of the defendant and the defendant rendered service to the owner of the books by labor and skill employed for their improvement " * * The argument that bringing the books up to date did not enhance their value is, in our view, a captious and frivolous argument.- It was not error for the trial court to hold that defendant had a lien upon such of the plaintiff’s books as he had improved, for compensation for this work. This lien, however, would not extend to the source material such as receipt books, bank statements, check stubs-, etc., upon which defendant had done no work.”
Myra Foundation (supra) is neither in point nor binding on this court, if for no other reason, because the North Dakota statute and heading there considered are substantially different than our section 180 of the Lien Law and its heading.
Section 35-2011 of the North Dakota Revised Code of 1943 which bears the heading “ Lien for repair, improvement, carriage, protection, safekeeping of personalty ”, reads as follows: “ Every person * * who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by labor or skill employed for the repair, protection, improvement, safekeeping, or carriage thereof has a special lien thereon, dependent upon possession, for the compensation, if any, which is due to him from the owner for such service.”
The heading of section 180 of the New York Lien Law is “ Artisans’ lien* on personal property It requires no argu *31 meat to establish first, that the term “ artisan ” is generally associated with trained workmen, mechanics and tradesmen and does not include accountants.
Subdivision b of section 123 of1 Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 123, suhd. b) warns that u A heading of a portion of a statute such as a chapter or a section usually is not a part of the act and does not extend ot restrict the language contained in the body of' the statute ” but the remainder of that paragraph goes on to read:c 1 although it may be resorted to as an aid in ascertainment of the legislative intent where a provision is ambiguous in meaning. ” (Emphasis supplied.)
Without the caption and a knowledge of the legislative history of section 180 of the Lien Law, it would not be difficult for the lay mind to conclude that the language of the section is clear and broad enough to include accountants within its protective ambit. Beading the language of the caption and the section together without knowledge of the legislative history however, the meaning of the statute becomes less than clear, the caption suggesting limitation, the text, universality. In another situation the caption could become less important than the text perhaps. In light of the legislative history however, the caption of the statute becomes more than a mere appendage of limited importance, for the history and the caption complement each other — the former justifying the special reason for the latter’s existence and the latter bearing witness to the existence of the former.
Bearing further on the legislative intent — it is significant that since the enactment of the original statute in 1897, the Legislature had many opportunities to amend the caption of section 180 of the Lien Law (formerly § 70). It chose not to do so! Nor may we ignore the fact that the recodification in 1909 (without change from § 70 to § 180) and the amendment in 1968, were legislative exposures to the statute postdating Scott Shoe Mach. Co. v. Broaker (35 Misc. 382, supra).
From, the foregoing it is clear that defendant had no retaining lien either at common law or under the statute as it was worded prior to the 1968 amendment and he has acquired none as a result of the said amendment.
Preliminary injunction giving a litigant the same relief which ultimately may be granted after trial, is plainly inappropriate unless, as is here the case, plaintiff demonstrates a clear right to permanent injunctive relief and a trial on that issue is a futility. (Cf. Yome v. Gorman, 242 N. Y. 395; 47 A. L. R. 1165; *32 Mastantuono v. Scurachio, 82 N. Y. S. 2d 129, affd. 274 App. Div. 908.) This, even if plaintiff were not able to. establish that failure to grant the preliminary relief would Seriously injure him, although, as a general rule, that would hardly appear to be thq case in these situations.
In this court’s opinion, to permit an accountant to hold on to the books of account of a business client against the latter’s will, under any circumstances, would be to strike an onerous blow at commerce and to encourage overreaching and extortion on the part of a discharged functionary.
Plaintiff’s motion for a preliminary injunction is granted. Regarding the plaintiff’s cause of action for damages resulting from the defendant’s improper retention of the plaintiff’s records, there appears to be a question what if any damages the plaintiff has sustained as a result thereof and this must await the trial. As already noted, defendant intends to counterclaim for the value of services rendered. Accordingly, defendant is. granted leave to interpose an answer in this action and include therein whatever counterclaims he deems appropriate;
Service of a copy of this decision, together with notice of entry shall constitute the order herein in lieu of a formal settlement of an order.