■ TOWN OF SOUTHAMPTON, Appellant, v TODEM HOMES, INC., Respondent.—In an action to enjoin the construction of a motel, plaintiff appeals from an order-judgment of the Supreme Court, Suffolk County, entered

March 26, 1975, which, after a nonjury trial, (1) dismissed the complaint, (2) adjudged that defendant could complete the 32 units then under construction and (3) adjudged that, upon receiving proper approval therefor, defendant could construct an aggregate total of 99 units. Order-judgment affirmed, with costs. This action was commenced by the Town of Southampton to enjoin defendant, Todem Homes, Inc., from continuing the construction of a motel. On May 8 and May 11, 1972 approvals were received from the county department of health and the town building inspector, respectively, for the construction of a 108-unit motel on the subject property. Defendant executed a contract for the purchase of the property on May 10, 1972. A new building zone ordinance, which became effective on May 22, 1972, placed the subject property in a district restricted to single-family units. A period of grace, incorporated into the ordinance, required that nonconforming structures for which lawful building permits had been issued had to "be diligently prosecuted within three months from the date of such permit", and completed within one year after the effective date of the ordinance. On June 12, 1972 the county health department withdrew its approval on the ground that since the structure qualified as an apartment complex, revised sewage plans had to be submitted. The building department revoked the permit until approval of the department of health was obtained. On June 16, 1972 the health department granted approval for 32 units, in six buildings, with future expansion to 99 units contingent upon the submission of revised plans. The building inspector thereupon reinstated the permit as to 32 units. The trial court found that defendant had the right to complete the 32 units as to which construction had already commenced, and an additional 67 units as approved by the Suffolk County Department of Health. In our opinion, defendant, in good faith, attempted to comply with the time requirements contained in the ordinance. Obligations incurred by defendant in connection with the projected motel as of June 27, 1972 exceeded $100,000, including the purchase price of the property; construction of several units is nearly complete. "There is no fixed formula which measures the content of all the circumstances whereby a party is said to possess 'a vested right'; it is a term, rather, which sums up a judicial determination that the facts of the case render it inequitable that the State impede the individual from taking certain action (cf. *Matter of Humble Oil & Refining Co. v Worthington,* 49 Misc 2d 432)" *(Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 218). It is our view that defendant acquired a vested right to proceed under the original permit, subject to conditions imposed by the Suffolk County Department of Health as to sewage facilities. Rabin, Acting P. J., Latham, Cohalan and Brennan, JJ., concur.