Bernard F. McCaffrey, J.
In the underlying action plaintiffs are seeking to recover a money judgment against defendant in the approximate sum of $1,125,000 for accounting services rendered by plaintiffs to defendant over the last several years, and defendant has interposed numerous affirmative defenses and counterclaims totaling in excess of $10,000,-000. Plaintiffs make this motion for a protective order pursuant to CPLR 3103 with respect to defendant’s first notice for the inspection and copying of documents, and defendant’s first set of interrogatories served upon plaintiffs. Plaintiffs contend that the document request is improper, in that it requires plaintiffs to produce the documents at the offices of defendant’s attorneys, and that it requires plaintiffs to produce *107 documents which plaintiffs have created for defendant, and for which plaintiffs have not been compensated. Additionally, plaintiffs make this motion to strike defendant’s interrogatories because they are exceptionally burdensome and oppressive.
It is the gravamen of plaintiffs’ contention that they are entitled to a protective order on the theory that they have acquired an "accountant’s lien”. Thus, by this motion plaintiffs ask to withhold from discovery and inspection documents which represent the accounting work they have provided, and for which they have not been paid. Though the legal question here is one of proper pretrial discovery in that defendant claims he needs these documents to prepare for litigation, another concern of the parties is the use of these papers as accounting tools. The defendant needs these records to function financially, while the plaintiffs want to keep them until they have been paid for claimed accounting services. Essentially they in effect, if not in form, assert a accountant’s retaining lien.
In their moving papers the plaintiffs have not differentiated between those items of books, records and documents which were left in plaintiffs’ possession in their capacity as defendant’s then accountants, and those items which plaintiffs allegedly worked on and created or improved.
The determination of plaintiffs’ right to a lien and conversely defendant’s right to possession of the accounting records would more appropriately form the basis of another proceeding. For purposes of this motion for a protective order, the court finds no New York authority which supports the assertion of such a purported lien by the plaintiff accountants, and certainly not to the extent that it would form the basis of precluding what otherwise constitutes necessary and proper discovery and inspection by the defendant. (Park Place-Dodge Corp. v Collins, 75 Misc 2d 25.) As long as the defendant has a right to discovery and inspection, the plaintiffs may not preclude him from asserting this necessary litigation tool, because it will also benefit the defendant by making available necessary financial records for the operation of his business.
Furthermore, in this case the disputed fee is a real issue, and the potential damage to defendant is real and substantial; further, there is no claim that security is necessary in that defendant will not be able to answer for whatever damages may eventually be awarded in these actions. The need for a *108 retaining lien is much less than the danger of abuse, thus plaintiffs shall produce all documents called for in the notice of January 20, 1976.
The interrogatories propounded by defendant are thorough and extensive, as one would expect in litigation of this magnitude. But, one must also expect response to such questions to take longer than usual. Accordingly, as to the "defendant’s first set of interrogatories to plaintiffs” dated January 23, 1976, the plaintiffs shall have 10 days from the entry of this order to object to any specific item on grounds other than oppressive and burdensome, and shall have 40 days from the entry of this order to answer all items not specifically objected to.
The motion for a protective order is denied, and the discovery and inspection of documents, as provided in the notice dated January 20, 1976, shall be conducted at plaintiffs’ offices at a time and date to be agreed upon by counsel. If counsel cannot agree, application may be made to this court to fix a time.