OPINION OF THE COURT
Bernard Nadel, J.
Petitioner moves for judgment requiring the respondent to transfer to the Sheriff of New York County all computer tapes in which R & S Mehlman, Inc., the judgment debtor, has an interest.
Petitioner recovered a judgment in the amount of $16,009.38 against R & S Mehlman, Inc. (Mehlman) the judgment debtor which judgment remains wholly unsatisfied. It is uncontroverted that respondent Anchor Computers, Inc. (Anchor) has in its possession at the present time five magnetic computer tapes on which are encoded Mehlman’s mailing list, i.e., a list of thousands of names and addresses, which has commercial value and use in connection with customer solicitation through use of the mails. Mehlman delivered said tapes to Anchor to enable Anchor to perform certain computer services. These services consisted of data manipulation, modifi *453 cation and assembly so as to create computer tapes which are capable of providing the names and addresses of purchasers of books; the subject matters thereof purchased, the date of last purchase, the amount of each purchase, the sex of the purchasers, the frequency of purchases, the customer sources, customer geography factors, including by State, by section centers, by zip code and so on. By reason of this work, labor and services, Anchor claims an artisan’s lien pursuant to section 180 of the Lien Law.
Petitioner contends that Anchor is not entitled to an artisan’s lien under either section 180 of the Lien Law or the common law because Anchor is not an artisan within the meaning of the law. This contention is without merit.
Section 180 of the Lien Law states as follows: "A person who makes, alters, repairs or performs work or services of any nature and description upon, or in any way enhances the value of an article of personal property, at the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid.”
Park Place-Dodge Corp. v Collins (75 Misc 2d 25, affd 43 AD2d 910), cited by petitioner in support of its position is inapposite. There, the court held that an accountant had no retaining lien either at common law or under the Lien Law, with respect to his client’s books and records, including those which he had allegedly worked on and created for the client.
Petitioner seeks to analogize the services performed by an accountant with these performed by Anchor. In its analysis of section 180 of the Lien Law and its history, the court in Park Place-Dodge (supra) observed that under common law an accountant had no retaining lien upon the client’s books and that section 70 of the original Lien Law (L 1897, ch 418) and its successor, the present section 180 did not extend the common law but merely codified it. In the case at bar, Anchor must be deemed to have acted as an "artisan” in the work it performed upon Mehlman’s computer tapes. The "computer services” performed by Anchor, as set forth above, enhanced the value of the computer tapes and Anchor would therefore have a lien upon such tapes.
Accordingly, the application by petitioner is denied and the petition is dismissed.