■ SOMERS ASSOCIATES, INC., et al., Appellants-Respondents, v DOMINICK CORVINO, Respondent-Appellant, et al., Defendant. —Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered May 10, 1989, which, *inter alia,* restrained and enjoined plaintiffs from converting any funds belonging to 24 entities listed therein, except for limited expenditures, without defendant Dominick Corvino's written

consent, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of vacating said injunction and, except as so modified, affirmed, without costs.

Upon this appeal, plaintiffs contend that defendant Dominick Corvino failed to demonstrate that he meets the criteria for issuance of a preliminary injunction. Corvino, in his cross appeal, asks that the injunction be extended to restrain plaintiff Somers from selling, transferring, mortgaging or encumbering the entities or their assets without his consent.

In its memorandum opinion, Supreme Court stated, "In this case there is a sharp factual conflict regarding the ownership of the various entities which cannot be resolved on the papers before the court." It nevertheless imposed a preliminary injunction in order to preserve the status quo, relying on a memorandum opinion by the Appellate Division, Second Department, in *Swope v Melian* (35 AD2d 981).

It is well-settled law that in order to be entitled to a preliminary injunction (CPLR art 63), the movant must demonstrate irreparable injury absent the injunction, a balance of the equities in favor of injunctive relief and a likelihood of success on the merits *(Grant Co. v Srogi,* 52 NY2d 496, 517; *Albini v Solork Assocs.,* 37 AD2d 835). The existence of a "sharp factual conflict" with respect to the ownership interest by defendant Corvino in the subject real estate, accounting and other ventures obviates any conclusion that he has shown a likelihood of ultimate success on the merits and is fatal to the motion *(see, e.g., After Six v 201 E. 66th St. Assocs.,* 87 AD2d 153, 155). *Swope v Melian (supra,* at 981), relied upon by the IAS court, affirmed a grant of preliminary relief upon conflicting affidavits and an incomplete record which "at the very least raised triable issues which could only be resolved in the main action". This opinion, however, has not been followed even by the Second Department *(see, e.g., Delta Franchising v PCP Transmissions,* 107 AD2d 734; *Albini v Solork Assocs., supra).* Moreover, the cases cited therein are consistent with the accepted rules *(Ming v Simpkins,* 59 Misc 2d 853; *Brevetti v Tzougros,* 42 Misc 2d 171).

We note further that in the event plaintiffs waste the assets of any of the entities in which defendant Corvino may be able to establish a financial interest, he may be fully compensated by an award of monetary damages and has therefore failed to establish that irreparable injury will result if the injunction is not granted *(Haulage Enters. Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863). Finally, as to a balancing of the equities, Corvino has failed to establish that the hardship

sustained by plaintiffs as a result of the imposition of the preliminary injunction would be less than any hardship which he might experience as a result of its denial *(Edgeworth Food Corp. v Stephenson,* 53 AD2d 588; *see also, Metropolitan Package Store Assn. v Koch,* 80 AD2d 940). Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.