■  ROCKLAND DEVELOPMENT ASSOCIATES et al., Appellants, v
VILLAGE OF HILLBURN et al., Respondents.—Levine, J. Appeal
(transferred to this court by order of the Appellate Division,
Second Department) from an order of the Supreme Court
(Weiner, J.), entered February 22, 1990 in Rockland County,
which denied plaintiffs' motion for a preliminary injunction.

On June 10, 1988, plaintiffs made application to defendant
Building Inspector of the Village of Hillburn, Rockland
County, for a building permit to alter certain buildings on
their property for purposes of construction and operation of a
recycling facility. Shortly thereafter, plaintiffs' application
was denied on the ground that, under the Village's Zoning
Code, which was then in the process of revision, recycling
facilities were not permitted in an industrial zone district.
Plaintiffs then applied to the Village Zoning Board of Appeals
for a variance, which was granted conditional upon, *inter alia,*
site plan approval by defendant Village Planning Board and
compliance with the requirements of the State Environmental
Quality Review Act (ECL art 8) (hereinafter SEQRA).

In the meantime, the committee responsible for drafting the
Village's proposed comprehensive Zoning Code added a provi-
sion barring recycling facilities, except those operated or
contracted for by the Village. According to plaintiffs, they
were unaware of the proposed ban on private recycling facili-
ties until the February 1989 public hearing on the new Zoning
Code. Nevertheless, plaintiffs continued with the SEQRA re-
view process.

In April 1989, the Village's proposed Zoning Code was
adopted, effective June 5, 1989. On that date, the Planning
Board advised plaintiffs that their application had been denied
based upon the prohibition contained in the new Zoning Code.
Notwithstanding the denial of their application, plaintiffs
sought to continue SEQRA review of their project through the
Department of Environmental Conservation (hereinafter
DEC), which agreed to replace the Planning Board as lead
agency if it consented. The Planning Board, however, refused
to relinquish lead agency status.

In August 1989, plaintiffs commenced the instant action
seeking, *inter alia,* a judgment declaring the subject zoning
ordinance unconstitutional. Plaintiffs also moved for a prelimi-
nary injunction enjoining defendants from enforcing the ordi-
nance against them and from contesting DEC's assumption of
lead agency status. This appeal followed from Supreme
Court's denial of plaintiffs' application for injunctive relief.

There should be an affirmance. In order to establish entitlement to a preliminary injunction, the moving party has the burden of demonstrating (1) a likelihood of success on the merits, (2) irreparable injury if the provisional relief is not granted, and (3) a balancing of the equities in his or her favor *(see, Grant Co. v Srogi,* 52 NY2d 496, 517; *Brodsky v City of Rochester,* 142 AD2d 1002, 1003). Here, it is our view that plaintiffs did not meet their burden. Even assuming that plaintiffs are likely to succeed on the merits, they have failed to establish that irreparable harm will result in the absence of a preliminary injunction or that the equities weigh in their favor. In support of their claim that they will be irreparably harmed if injunctive relief does not ensue, plaintiffs argue that they will be deprived of their property rights. This argument is unpersuasive, however, since plaintiffs have neither obtained a building permit nor commenced construction and, thus, have acquired no vested right to develop their property as a recycling facility *(cf., Town of Southampton v Todem Homes,* 50 AD2d 844, 845). Equally unavailing is plaintiffs' contention that enforcement of the subject zoning ordinance and the Planning Board's refusal to relinquish lead agency authority will result in a delay in review and financial losses necessitating abandonment of the project and driving them into bankruptcy. Plaintiffs submitted no financial statement or other evidence to substantiate these claims and the conclusory allegations contained in their supporting affidavits are insufficient to demonstrate irreparable injury *(see, Kurzban & Son v Board of Educ.,* 129 AD2d 756, 757; *Kaufman v International Business Machs. Corp.,* 97 AD2d 925, 926, *affd* 61 NY2d 930; *Matter of Baran v Otterbein,* 84 AD2d 928, 929).

Having concluded that no showing of irreparable injury has been made, we also reject plaintiffs' claim that the equities in this case favor their position. There is nothing in the record to indicate that the denial of a preliminary injunction would result in any hardship to plaintiffs outweighing that which would be sustained by defendants in the event that such relief was granted *(see, Somers Assocs. v Corvino,* 156 AD2d 218, 219-220). Accordingly, we find that Supreme Court properly exercised its discretion in denying the requested relief *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Town of Esopus v Fausto Simoes & Assocs.,* 145 AD2d 840, 841).

Order affirmed, with costs. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.