■ CC VENDING, INC., Appellant, v BERKELEY EDUCATIONAL SERVICES OF NEW YORK, INC., Respondent. [903 NYS2d 37]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 8, 2010, which denied plaintiff's motion for a *Yellowstone* injunction and a preliminary injunction and granted defendant's cross motion to stay arbitration, unanimously affirmed, without costs.

Plaintiff has failed to show entitlement to a *Yellowstone* injunction. It is well settled that "[t]he purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that, after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold" (*Empire State Bldg. Assoc. v Trump Empire State Partners*, 245 AD2d 225, 227 [1997]). A party seeking such an injunction must demonstrate that it holds a commercial lease; that it received from the landlord either a notice of default, a notice to cure or a threat of termination of the lease; that it requested injunctive relief prior to termination of the lease; and that it is prepared and has the ability to cure the alleged default by any means short of vacating the premises (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]).

The contract at issue gives plaintiff an exclusive right to operate various concessions. Because "such exclusive right is not a lease," plaintiff was not a commercial lessee but rather "a li-

560

censee or concessionaire without interest in the realty" (*Senrow Concessions v Shelton Props.*, 10 NY2d 320, 325 [1961]). Since plaintiff has no control over defendant's premises where the vending machines are located, it has no tangible interest in the property, and thus no right to a *Yellowstone* injunction.

To establish grounds for a preliminary injunction, a party must demonstrate "probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). Plaintiff's moving papers are devoid of any such showing. Moreover, plaintiff could be made whole by monetary damages (*see Somers Assoc. v Corvino*, 156 AD2d 218 [1989]).

Plaintiff waived the right to arbitrate its breach-of-contract claims by seeking a declaratory judgment on whether the agreement had been breached (*Sherrill v Grayco Bldrs.*, 99 AD2d 965 [1984], *affd* 64 NY2d 261 [1985]). Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.