■ In the Matter of Stanley K. Gaines, Petitioner, v. James E. Allen, Jr., as Commissioner of Education of the State of New York, Respondent.— Although the record establishes that petitioner, a certified public accountant, had represented that he had adequately audited the books and accounts of a company, which he had not actually checked, this single incident in a professional record otherwise without complaint does not in our judgment warrant revocation of license. Decision modified in pursuance of subdivision 5-a of section 1296 of the Civil Practice Act (CPLR 7803, subd. 3) to direct that petitioner's license be suspended for two years and as thus modified confirmed, without costs. Bergan, P. J., Herlihy and Taylor, JJ., concur; Gibson and Reynolds, JJ., dissent and vote to confirm, Gibson, J., in a memorandum in which Reynolds, J., concurs: Petitioner's "moral unfitness for the public practice of accountancy" was found, as was his guilt of the specific charges. This was the judgment of his fellow practitioners, representing the unanimous conclusion of the 3 members of the subcommittee on grievances and the 10 members of the full committee and,

in addition, the committee of the Regents. The members of the profession affected were better qualified than we to assess petitioner's professional delinquency involving, apparently, his complete unawareness of the responsibility of an accountant in the business and economic world, in which credit generally, and among other things, reliance upon certified audits are vital essentials; and by the same token to impose a punishment within the limits defined by statute and decisional law. These gentlemen exercised the right conferred upon them by the Legislature to police their own profession, as we of the law assert the right to enforce the responsibilities of ours. "Moral unfitness" to practice would seem necessarily to warrant and, indeed, to require the committee's action and in it we find no semblance of the arbitrary or capricious; and certainly nothing shocking to the conscience of the court. In our view the punishment was proper and the determination should be sustained.