The **WYOMING STATE BOARD OF ACCOUNTANCY, Appellant,**

v.

**J. Gordon MACALISTER, Appellee.**

**No. 4014.**

Supreme Court of Wyoming.

Feb. 25, 1972.

Clarence A. Brimmer, Atty. Gen., and Fred C. Reed, Asst. Atty. Gen., Cheyenne, for appellant.

Robert E. Holstedt, Sheridan, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

Upon the recommendation of the Wyoming State Board of Accountancy, the Governor of Wyoming suspended for one year the license of J. Gordon Macalister to practice as a certified public accountant. Macalister sought review under the Administrative Procedure Act, in the district court of Sheridan County.

The district court determined that the Board had no jurisdiction for the hearing it had held with respect to Macalister's license; that its recommendation to the governor was null and void; and that the governor's action was likewise null and void. The court ordered that the governor's order of suspension was terminated and the suspension released. The Board has appealed from the district court's action.

Vincent P. Johnston, a client of accountant Macalister, complained in writing to the State Board of Accountancy that Macalister had committed acts discreditable to the profession of accountancy; and that he was guilty of acts of omission and commission and default discreditable to the profession of accountancy. In some six pages, Johnston related shortcomings of Macalister in connection with a year-end review of business, adjustment and closing of books of account, preparation of financial statements and pertinent Federal income tax returns.

Thereupon, the Board served upon Macalister an "Order To Show Cause." The order to show cause recited that Johnston had filed a complaint with the Board alleging that Macalister had engaged in certain practices discreditable to the profession of certified public accountancy. It notified Macalister that the matters and things set forth in the complaint were such that, if true, they might constitute sufficient cause for revocation of his license. A copy of Johnston's complaint and a copy of the Board's rules of practice and procedure were attached to and made a part of the Board's order to show cause.

The Board, in its order to show cause, also notified Macalister that the Board had determined the complaint should be set down for hearing in accordance with the rules of practice and procedure of the Board. Macalister was expressly notified that, in accordance with Section 6 of the Board's rules, he was granted 20 days after receipt of the order to show cause within which to file an answer or other appearance.

Macalister made his answer. However, before the matter was heard by the Board, Macalister made a settlement of damages with Johnston; and Johnston then filed an instrument entitled "Dismissal Of Complaint," in which Johnston stated he "does hereby dismiss his complaint" previously filed.

The Board then served upon Macalister a further order which notified the contestee that the Board had determined it is in the public interest for the Board to proceed to hear the matter; that Johnston's dismissal did not deprive or divest the Board of jurisdiction; that the purpose of hearing the matter would be to serve the public interest and not to vindicate or adjudicate private rights; and that the sole and only purpose of the hearing would be to determine whether Macalister had, in fact, engaged in certain practices discreditable to the profession of certified public accountancy in Wyoming.

We could not express the function of a public board such as the Wyoming State Board of Accountancy, or the purpose of

hearings before such a board, or the nature of its jurisdiction, better than did the Board in this instance. Indeed, we fully approve the position the Board took in its further order to Macalister.

Having thus stated its position, the Board notified Macalister of the time and place set for hearing the allegations against him and ordered subpoenas to be issued for the appearance of Johnston and one of his employees, and for the production of pertinent books, papers and documents. At the time and place designated the Board conducted a full and complete hearing and Macalister participated in it, being represented by counsel.

At the review of administrative action in district court, counsel for Macalister took the position that Johnston's attempted dismissal terminated all proceedings before and by the Board; and that the Board thereafter had no jurisdiction to proceed further.

The trial court accepted this theory and entered a finding to the effect that under the Rules of Practice and Procedure of the Wyoming State Board of Accountancy a contest was to be initiated by the Board upon petition, verified complaint in writing, formal notice or order to show cause; and that the action before the Board, being in the nature of a civil action, was terminated when Johnston filed his dismissal. This finding was based upon an interpretation of Section 3 of the Board's rules.

The court then found, if the Board had desired to institute a contest, it could have done so under the provisions of Section 4 of the rules; but the Board failed to file a formal petition on its own.

In the first place, the court has misinterpreted the rules referred to by it; and in the second place it has misconstrued the actions of the Board in connection with the institution of the contest against Macalister. Let us look at the exact language used in Sections 3 and 4:

"Section 3. *Contests.* In accordance with the foregoing definitions, all contests under these Rules of Practice and Procedure shall be initiated by the Board, upon petition, verified complaint in writing, formal notice or order to show cause, wherein shall be alleged the acts or omissions of acts claimed in violation of the laws and statutes above referred to, or of any of the lawful rules, regulations or orders promulgated by the Board thereunder and by authority thereof.

"Section 4. *Petitions or Formal Notices or Orders.* When the Board desires to institute a contest, it shall prepare and file with the Secretary of the Board a formal petition, verified complaint in writing, formal notice or order to show cause setting forth:

"a. The name and address of each contestee.

"b. A statement, in ordinary and concise language, of the facts upon which the petition, verified complaint in writing, formal notice or order to show cause is based, including, whenever applicable, particular reference to the statute or statutes, or rules, regulations and orders that the Board alleges have been violated."

██ It is to be noticed from Section 3 that contests are to be initiated *only* by the Board, it being specified that *all contests* shall be initiated by the Board. Contests are not initiated by an individual such as Johnston. Moreover, a contest can be initiated by any one of several instruments. These are (1) petition; (2) verified complaint in writing; (3) formal notice; or (4) order to show cause. It appears the disjunctive and not the conjunctive was purposely used. In Macalister's case, the Board chose to use an order to show cause. It could also be called a formal notice because it was formal and it fully notified the contestee.

██ Section 4 does not set out an alternative and separate method of commencing a contest. It relates closely to Section 3. In Section 3 it is stated *all contests* "shall be" initiated by the Board upon certain instruments (including an order to show

cause). Section 4 then provides, as a follow-up, when the Board desires to initiate a contest, it shall file with its secretary one of the instruments specified in Section 3. The rule then sets out what the initiating instrument must contain.

■ There can be no question but that the contest pertaining to Macalister's license was initiated by the Wyoming State Board of Accountancy upon an order to show cause which met all the requirements of Sections 3 and 4 of the Board's rules. As stated by the Board in its second order, the proceeding was not one to vindicate or adjudicate private rights. The purpose was to serve the public interest and to determine whether the licensee had engaged in practices discreditable to the profession of certified public accountancy.

The complaint filed by Johnston did nothing more than inform the Board concerning Macalister's conduct. Such information could have been conveyed by personal contact, by a letter of information, or by a telephone call. The complaint initiated nothing. No copy was served by Johnston on Macalister. No summons or process was issued or served in connection with the complaint. No remedy in favor of Johnston and against Macalister was prayed for. Johnston concluded his complaint merely by saying, on behalf of himself and his company, he was notifying the Board of his intention and his company's intention to appear before the Board to present evidence relative to the violations complained of.

We think Macalister was under no misapprehension about the Board having initiated the contest against him. His answer was entitled "Answer To Order To Show Cause And Complaint." The answer indicated answer was being made to the complaint of Johnston and the Order To Show Cause issued by the Board.

The answer alleged that contestee had been suffering from a disease which caused fatigue, anxiety, depression, general lethargy and illness. It alleged that since his omissions or commissions an amicable settlement of the problems complained of had been reached; that any and all penalties or interest suffered by Johnston as a result of Macalister's actions had been acknowledged by him and became a part of the settlement amounts to be paid by Macalister to Johnston.

The prayer of the answer was that the Order to Show Cause issued by the Board and served on the contestee be dismissed and that no further action by the Board be taken against the contestee or licensee. The prayer was in no way directed to Johnston or his complaint.

■ Not even the Board of Accountancy had any authority, at the time of its hearing concerning Macalister, to revoke his license. Also, it had no authority or power to grant relief of any kind to Johnston. Under the controlling statute at that time, the Board could only recommend that the governor revoke a license. Section 33–21, W.S.1957, which was applicable at the time of Macalister's hearing, provided:

"The governor of the State of Wyoming may revoke any such certificate for sufficient cause upon the recommendation of the board of examiners, who shall have given written notice to the holders thereof, and after he has had a hearing thereon." [1]

After the Board conducted a full and complete hearing concerning Macalister, it made extensive findings of fact and conclusions of law. It also made what was entitled "Recommendation." In its recommendation, the Board recommended to the governor that Macalister's license be sus-

---

[1]. Section 33–21 was amended in 1971 (see 1971 Cum.Supp.) to read as follows: "The board may suspend or revoke any such certificate for sufficient cause for the violation of any of the provisions of this act [§§ 33–14 to 33–23] or any rule or regulation of the board promulgated hereunder, after thirty (30) days written notices to the holders thereof, and after opportunity for a hearing thereon."

pended for four years. The governor actually suspended the license, however, for only one year.

Although counsel on both sides of the appeal in our court have spent much time discussing whether the proceedings before the Wyoming Board of Accountancy should be characterized as a civil action or quasi criminal action, we see no need to characterize it as either. The Board had jurisdiction and the statutory authority and duty to make a determination with respect to its recommendation; and the licensee was denied no substantial rights in the process.

We hold the district court's determination that the Board had no jurisdiction for its hearing erroneous. Based on the record presented to the district court in connection with its review, it should have affirmed the Board's recommendation and the governor's order.

The order of the district court is reversed; the governor's order of suspension is reinstated; and it is ordered that the time intervening between the district court's order and our mandate shall be excluded in computing the one year of suspension of license ordered by the governor.

GUTHRIE, J., not participating.