The WYOMING BOARD OF CERTI-
FIED PUBLIC ACCOUNTANTS,
Appellant (Defendant),

v.

Curtis W. CHRISTENSEN,
Appellee (Plaintiff).

No. 90–20.

Supreme Court of Wyoming.

Nov. 15, 1990.

Joseph B. Meyer, Atty. Gen., S. Jane
Caton, Asst. Atty. Gen., for appellant.

Tom C. Toner, Redle, Yonkee & Toner, and Michael K. Shoumaker, Sheridan, for appellee.

Before CARDINE,\* C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The question posed in this case is whether the Wyoming Board of Certified Public Accountants (Board) lawfully was enjoined from continuing with one of the counts in a disciplinary proceeding initiated against Curtis W. Christensen (Christensen). The Board contends that disciplinary proceedings relating to certified public accountants are within its exclusive jurisdiction and that the injunction entered by the district court infringed upon the exercise of the Board's lawful jurisdiction. Christensen sought the injunction because the challenged count of the complaint was premised upon infractions of the Rules of Professional Conduct, adopted by the Board, alleged to have been set forth in a letter of comment issued as part of a peer review conducted pursuant to a Settlement and Resolution of Disciplinary Action entered into between the Board and Christensen. In that settlement agreement, the Board had committed itself to pursue any such further disciplinary action only by giving written notice of its decision to proceed within sixty days after its receipt of the letter of comment. The trial court found that the Board had failed to proceed in accordance with the Settlement and Resolution of Disciplinary Action entered into by the parties and that the Board, therefore, was foreclosed from pursuing the challenged count in the disciplinary proceeding. We agree with this ruling, and we affirm the Order on Plaintiff's Motion for Preliminary Injunction.

In its Brief of Appellant, the Board says that the issues to be resolved are:

"I. Did the district court abuse its discretion in assuming jurisdiction over a matter properly before the Board of Certified Public Accountants?

"II. Did the evidence support the district court's finding that appellee had not received timely notice that further disciplinary action was required?"

Christensen states the questions this way in his Appellee's Brief:

"I. Does the Wyoming Board of Certified Public Accountants have the jurisdiction and authority to decide whether or not the Board complied with the terms of a settlement agreement to which the Board is a party?

"II. Did the district court properly rule that the Board failed to decide whether or not the 1988 peer review letter of comment disclosed material violations of ethical codes of professional standards and, therefore, the Board is precluded by paragraph 10 of the settlement agreement from taking action on the peer review?"

■ Christensen is a certified public accountant in good standing in Wyoming and, currently, holds all certificates and permits required for the lawful practice of his profession. The Board is a state regulatory agency established by statute. Section 33–3–103, W.S.1977 (June 1987 Repl.). Christensen is subject to the oversight of the Board while engaged in the practice of his profession and, therefore, subject to all of its rules, regulations, and appropriate disciplinary proceedings. *See* §§ 33–3–108, 121, 123 and 129, W.S.1977 (June 1987 Repl.).

In July of 1987, the Board initiated a disciplinary proceeding against Christensen in response to complaints that had emanated from a previous transaction. That disciplinary action was resolved "without any admission whatsoever of liability or fault for the alleged violations of the Rules of Professional Conduct set out in the Complaint," and the resolution was memorialized by a document entitled "Settlement and Resolution of Disciplinary Action" that was executed by the Board and Christensen on November 6, 1987. One key provision of that agreement provided that Christensen was to submit "two engagement oriented peer reviews by a CPA firm that would be acceptable by the peer review

---

\* Chief Justice at time of oral argument.

committee of the AICPA Division of Firms, and approved by the Board." The first peer review was to cover the period from October 1, 1986 to September 30, 1987, and the second was to cover the period from October 1, 1987 through September 30, 1988. The agreement provided that the peer reviews would be submitted directly to the Board, and both peer reviews were submitted as agreed.

The agreement went on to provide that further disciplinary action could be initiated against Christensen in the event that either peer review should disclose, in the letter of comment, any material violations of ethical conduct or professional standards by Christensen. The paragraph that encompassed this condition, the material one in this action, reads as follows:

"10. In the event the 1987 peer review or the 1988 peer review disclose in the letter of comment any material violations of ethical conduct or professional standards by Christensen, the Board may bring a new disciplinary action based upon such material violation of an ethical code or professional standard in accordance with the statutory rights, powers and procedures of the Board. Material violations of ethical codes or professional standards are those violations which CPA's in good standing and in the same line of practice as Christensen would, under similar circumstances, consider a substantial and important violation of an ethical code or professional standard. If no material violations are cited in the letter of comment, the letter will be seen as a satisfactory review. *The Board has sixty days from the date the letter of comment is received to decide and give written notice to Christensen whether it believes that the violations cited require further disciplinary action by the Board. If the Board does not, within the sixty day period, give such written notice to Christensen of a decision that further disciplinary action is required, then the Board is, and shall forever be precluded from taking action based on the letter of comment.*" (Emphasis added.)

The record is silent with respect to the exact date that the 1988 peer review was received by the Board, but the relevant letter of comment for the period from October 1, 1987 through September 30, 1988 was dated November 17, 1988. On January 12, 1989, a Board-appointed committee of one wrote to the chairman advising that he was filing a complaint with the full Board, one count arising out of what that committee person identified as material violations disclosed by the peer review for the period ending September 30, 1988. Then, on August 15, 1989, the executive director of the Board issued a Complaint and Notice against Christensen in which two separate violations of professional standards were alleged. Count 1 was predicated upon alleged deficiencies disclosed by the 1988 peer review comment letter. Count 2 was predicated upon an audit report prepared in connection with an entirely different matter that was not addressed in either of the two peer reviews.

In response to the Complaint and Notice, Christensen filed a "Complaint for a Preliminary and Permanent Injunction and for Damages" in the state district court. Christensen's primary claim was that the action taken by the Board violated the Settlement and Resolution of Disciplinary Action agreement entered into in 1987. Testimony in the record demonstrates that Christensen had no notice of the pendency of any complaint made on behalf of the Board prior to the Complaint and Notice actually served upon him in August of 1989. The record does indicate that Christensen had received notice on February 14, 1989, via certified mail, that a committee of one, appointed by the Board, was filing a formal complaint against him as of January 12, 1989. Additional testimony also indicated that the Board knew nothing about these two counts in the Complaint and Notice as of December 4, 1989 and that the Board never had made a decision with respect to pursuing any material violation of ethical conduct or professional standards that was disclosed in the 1988 letter of comment of the peer review.

A hearing was held, following which Christensen's demands were granted in

part and denied in part. The district court found that Count 1 of the Board's complaint against Christensen arose out of the 1988 letter of comment and that the Board had "made no decision that further disciplinary action was required within the sixty day period specified in paragraph 10; therefore, the board is precluded from taking action on the letter of comment." The trial court further found that "[a]s to Count 2 of the complaint pending before the Board of Certified Public Accountants against Mr. Christensen, this count raises a new matter and is not dependent upon the letter of comment on the peer review." The district court went on to rule that "[t]he plaintiff is entitled to an injunction restraining and enjoining the Defendant from proceeding on count 1 of its complaint against Mr. Christensen, but the Plaintiff is not entitled to an injunction restraining and enjoining the Defendant from proceeding on count 2 of its complaint." Christensen had requested damages in his complaint, but that issue was not addressed in any way. This appeal is taken by the Board from the ruling of the district court as to count 1.

■■■ A settlement agreement is a contract and subject to the same legal principles as any legal contract. *Andersen v. Corbitt*, 777 P.2d 48 (Wyo.1989); *Wyoming Sawmills v. Morris*, 756 P.2d 774 (Wyo. 1988). The fact that the proceedings out of which the settlement agreement arose were pending before an administrative agency should not make any difference with respect to the applicable legal principles. Under those principles, unless there is some valid reason not to do so, the intent of the parties as manifested by the agreement that they made must be given effect. *Andersen*. There can be no dispute about the proposition that our district courts are courts of general jurisdiction, and contract matters fall within the province of that jurisdiction. *Matter of Larsen*, 770 P.2d 1089 (Wyo.1989).

■ Paragraph 10 of the Settlement and Resolution of Disciplinary Action is clear and unambiguous, and it manifests the intent of the parties. It sets forth the obli-

gation of the Board to give written notice to Christensen of its decision to proceed with further disciplinary action based upon material violations disclosed by the letter of comment, and it clearly provides that the Board must furnish that written notice within sixty days from the time the letter of comment was received. If that requisite notice was not furnished, then the agreement provides that the Board should be forever precluded from so proceeding. The district court, assuming jurisdiction over the dispute in obvious recognition of the settlement agreement as a contract, considered paragraph 10 to be enforceable and ruled accordingly. Our examination of the record satisfies us that the facts support that resolution.

The Board contends that this case involves an administrative disciplinary proceeding instead of a contract, and it argues that the result that flows from that proposition is that neither the district court nor this court has jurisdiction to review the disciplinary action proceeding until all available administrative remedies have been exhausted. *See* § 16–3–114, W.S. 1977. In urging this proposition, the Board simply ignores the agreement that it made with Christensen, but our study discloses that the Board's theory is not supported by the record. We are able to reject that theory without the need for resolving questions of primary jurisdiction or the exhaustion of administrative remedies. The original disciplinary proceeding pending against Christensen was resolved by a contract between the Board and Christensen. That single fact is dispositive in this case. The provisions of the contract control and, at that instant in time, no administrative remedies remained to be exhausted. The only option available to the parties was to perform that contract, and the resolution of whether the contract was broken was a matter for the trial court.

■ The Board claims, in addition, that the ruling of the district court should either be reversed or remanded for further proceedings because the record contains no evidence as to when the letter of comment actually was received by the Board. The

Board contends that the consequence of that silence in the record is that there is no tangible evidence that notice was not given within the required sixty days. The argument sounds plausible, but the theory is not supported. The record, in fact, leads to an opposite conclusion. First, we note that the Board's "Complaint and Notice," dated August 15, 1989 and signed on behalf of the Board, refers to a certified letter of February 13, 1989 in which Christensen was notified that a complaint alleging material violations of professional standards apparent from the peer review report had been filed with the Board. Cross-examination of Christensen appearing in the record corroborates the fact that he received that letter.

This aspect of the record does not provide information as to exactly when the letter of comment, which was dated November 17, 1988, was received by the Board, or even if it was received at all. The evidence, however, is sufficient to demonstrate that the Board, through its agent, had been informed of the existence of the letter of comment and its significance to further disciplinary proceedings some time prior to February 13, 1989. In view of the obligation imposed upon the Board under the settlement agreement, we are satisfied that the information alluded to in the letter of February 13, 1989 is sufficient to invoke paragraph 10 of the settlement agreement. Any other finding would render meaningless our rules of contract construction. *Wyoming Game and Fish Commission v. Mills,* 701 P.2d 819 (Wyo.1985). It also would negate our rules favoring the settlement of controversies. *Peters Grazing Association v. Legerski,* 544 P.2d 449 (Wyo. 1975). These parties entered into their "Settlement and Resolution of Disciplinary Action" to resolve a dispute between them and to provide some certainty with respect to the future disposition of the matter. We cannot, and do not, construe it otherwise.

It follows that, contrary to the contention of the Board, there is sufficient evidence as to when the letter of comment was received, or at least constructively received, to initiate the sixty day period provided in paragraph 10 of the settlement agreement. Since the Board had notice of that letter of comment on, or before, February 13, 1989, the Board did not satisfy its obligation under the agreement unless it served notice to Christensen by April 14, 1989. Nothing in the record indicates that the Board furnished any notification to Christensen of any decision by the Board, as distinguished from its Committee, to pursue further disciplinary action until it sent Christensen its "Complaint and Notice" on August 15, 1989.

We agree with the district court that this dispute is a contract matter and not an administrative disciplinary proceeding. The district court had jurisdiction over the contract case, and the record supports the determination by the district court that the Board did not comply with the provisions of the contract. Under the circumstances, the Board properly was enjoined from proceeding with count 1 of its "Complaint and Notice." The order of the district court is affirmed.