Curtis W. CHRISTENSEN,
Appellant (Plaintiff),

v.

WYOMING BOARD OF CERTIFIED
PUBLIC ACCOUNTANTS,
Appellee (Defendant).

Curtis W. CHRISTENSEN,
Appellant (Petitioner),

v.

WYOMING BOARD OF CERTIFIED
PUBLIC ACCOUNTANTS, Appellee
(Respondent).

Nos. 91–188, 92–75.

Supreme Court of Wyoming.

Oct. 9, 1992.

Michael K. Shoumaker, Shoumaker and Dollison, and Tom C. Toner, Yonkee and Toner, Sheridan, for appellant.

Steven F. Freudenthal, Herschler, Freudenthal, Salzburg, Bonds & Rideout, P.C., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

URBIGKIT, Justice.

Appellant, a certified public accountant, appeals from a disciplinary board reprimand which followed a review of his preparation of an audited statement for a small public water and sewer district. The subject of the reprimand was contended mistakes in audit preparation and report text. Following an appeal to the district court, which affirmed the action of the disciplinary board, we again affirm.

## I. ISSUES

Appellant, Curtis W. Christensen (Christensen), states a threefold basis for reversal of the disciplinary board reprimand which he received:

A. The action of the Wyoming Board of Certified Public Accountants was arbitrary and capricious.

B. The actions of the Wyoming Board of Certified Public Accountants violated the constitution and exceeded statutory authority.

C. The conclusion[s] of the Wyoming Board of Certified Public Accountants are unsupported by substantial evidence.

Appellee, the Wyoming Board of Certified Public Accountants (State Board), significantly restates one issue:

Appellee agrees with Appellant's statement of Issue A—arbitrary and capricious—and Issue C—substantial evidence, but suggests that Issue B should read as follows:

B. Whether a licensed certified public accountant

1. who voluntarily, and for compensation, certifies that a financial statement complies with generally accepted accounting principles and was prepared in accordance with generally accepted auditing standards; and

2. further testifies that he knew such standards and principles to be applicable at the time he prepared the financial statement,

may later renounce any professional responsibility to comply with those standards and principles?

## II. FACTS

Christensen has held a Wyoming license as a certified public accountant since 1973. The State Board is a statutorily created licensing and disciplinary agency for this profession. Christensen, as a part of his general accounting practice within the Sheridan, Wyoming area, undertook an audit for a small suburban water and sewer district, Means First Extension Water and Sewer District (Means District), for the calendar year ending June 30, 1988.

A contested disciplinary hearing was instituted by the State Board with a complaint and notice dated August 15, 1989. The complaint alleged mistakes in the Means District audit for cause. The proceeding was interrupted by a lawsuit instituted by Christensen to enjoin the State Board from conducting the hearing. A preliminary injunction was granted by the district court. Appeal was then taken to this court. By a November 15, 1990 decision, we affirmed the district court as to Count I of the disciplinary proceeding and reversed for Count II. *Wyoming Bd. of Certified Public Accountants v. Christensen*, 800 P.2d 853 (Wyo.1990) (*Christensen I*).

The decision in *Christensen I* found that the first count had been resolved by the parties' agreement and the injunction against proceeding granted by the district court was proper. This case then came before the State Board on the second count in a contested disciplinary hearing which was conducted by a hearing officer. Her report was reviewed and amended by the State Board to be finalized into a quality of work reprimand. The reprimand was entered pursuant to Wyo.Stat. § 33–3–121(a)(iv) (1987) for violation of two rules by Christensen in his preparation of the Means District audited financial statements for the year ending June 30, 1988. Administrative agency review was again requested through the district court which affirmed the State Board. Appeal to this court now follows from the district court's decision.

The substance of the State Board's complaint against Christensen in Count II is generally that he

> violated Sections 3(b) and 3(c), Chapter VI of the Board's Rules and Regulations by:

> (a) failing to comply with applicable generally accepted auditing standards ("GAAS"); and

> (b) opining that the financial statements were presented in conformity with generally accepted accounting principles ("GAAP") when the financial statements in fact contained departures from GAAP which had a material effect on the financial statements taken as a whole.[1]

An amended complaint alleged that the departure from GAAS and GAAP resulted in a departure from acceptable performance significant enough to make the audit report and the amended audit report materially incorrect and misleading.

The cited rules and regulations of the State Board provided:

> (b) Rule 202—Auditing Standards. A licensee shall not permit his name to be associated with financial statements in such a manner as to imply that he is acting as an independent certified public accountant with respect to such financial statements unless he has complied with applicable generally accepted auditing standards. Statements on Auditing Standards issued by the American Institute of Certified Public Accountants, and other pronouncements having similar generally recognized authority, are considered to be interpretations of generally accepted auditing standards, and departures therefrom must be justified by those who do not follow them.

> (c) Rule 203—Accounting Principles. A licensee shall not express an opinion that financial statements are presented in conformity with generally accepted accounting principles if such financial statements contain any departure from such accounting principles which has a

---

1. Accounting terminology and agencies included in the discussion, normally designated only by acronyms, include: GAAS—generally accepted accounting standards and GAAP—generally accepted accounting principles.

   GAAS is a product of the American Institute of Certified Public Accountants (AICPA), which is a national CPA organization. The GAAP was developed by the Financial Accounting Standards Board (FASB) and the Governmental Accounting Standards Board (GASB). These two organizations are funded and managed by the Financial Accounting Foundation, "an independent, private-sector organization * * *." Promulgations of the GASB and the FASB are considered authoritative by the AICPA and define expected criteria for proper audit and review report preparation during any certified public audit.

material effect on the financial statements taken as a whole, unless the licensee can demonstrate that by reason of unusual circumstances the financial statements would otherwise have been misleading. In such a case, the licensee's report must describe the departure, the approximate effects thereof, if practicable, and the reason why compliance with the principle would result in a misleading statement. For purposes of this rule, generally accepted accounting principles are considered to be defined by pronouncements issued by the Financial Accounting Standards Board and its predecessor entities and similar pronouncements issued by other entities having similar generally recognized authority.

Amended Rules and Regulations of the Board of Certified Public Accountants, ch. VI, § 3(b) & (c).

The statutory basis for the State Board to adopt rules and regulations is provided in Wyo.Stat. § 33–3–108 (1987), with subsection (a)(ii) applicable here:

(a) The board shall prescribe rules and regulations not inconsistent with the provisions of this act [§§ 33–3–101 through 33–3–131] as it deems consistent with, or required by, the public welfare. The rules and regulations shall include:

\* \* \* \* \* \*

(ii) Rules of professional conduct for establishing and maintaining high standards of competence and integrity for certified public accountants in the profession of public accountancy[.]

In its findings and conclusions, the State Board discussed eight specific "departures," including contended misclassifications and drafting errors. The State Board then concluded in its findings of fact:

Taken as a whole, the Board finds there are sufficient errors in the Means Report

that result in a materially incorrect report. The multiple violations of GAAP have a material effect on the financial statement taken as a whole.[2]

The corresponding State Board conclusions of law were:

7. Petitioner has proven by clear and convincing evidence that Respondent violated W.S. 33–3–121(a)(iv) by his violation of Rule 202 and 203.

8. The evidence does not support a conclusion that Respondent willfully or intentionally violated Rule 202 and 203.

9. Because of the revised *Standards for Audit of Governmental Organizations, Programs, Activities, and Functions* published by the U.S. General Accounting Office, the Board does not impose additional educational requirements to be fulfilled by Respondent and finds that allowing Respondent to continue to do audits will not jeopardize the public interest or put the public at risk.

## III. DISCUSSION

In reality, this court addresses a question of the sufficiency of the evidence in an administrative appeal with claimed error from denial of two quite different defenses. Christensen first contends that the standards, to which he had been subjected as requirements for a certified public audit, have not been properly adopted as rules and regulations of the State Board under the Wyoming Administrative Procedure Act, Wyo.Stat. § 16–3–103 (1992). Consequently, he contends they are not enforceable for disciplinary purposes. *Touche Ross & Co. v. S.E.C.*, 609 F.2d 570 (2d Cir.1979). The second argument addresses his broad perspective of a discriminatory enforcement of rules directed against him in the "out to get him" idiom.[3]

---

**2.** It appears that this was the first public agency certified public audit undertaken by Christensen in his accounting career. The claimed defects were clearly neither major nor exceptionally misleading. The report had been accepted by the Wyoming State Examiner's Office for whom, in specific regulatory application, it had been prepared. The State Board action can be

accurately described as a cumulative, imperfect, disciplinary review charge.

**3.** Neither Christensen nor the State Board provide case law citations for licensing and disciplinary activities of a regulatory board which were specifically attacked as discriminatory. However, this record factually demonstrates that the State Board has pursued broad disciplinary proceedings against numerous holders

In responding to Christensen's first argument, we will keep this decision confined to the highly specialized activity of certified public auditing and opinion writing. No accountant, even if qualified, is required to certify any financial report; but if done, it will have a very special meaning in financing business and governmental regulations financial report auditing. *Duggins v. North Carolina State Bd. of Certified Public Accountant Examiners,* 25 N.C.App. 131, 212 S.E.2d 657 (1975), *aff'd* 294 N.C. 120, 240 S.E.2d 406 (1978).

■ The standards are nationally set so that all certified reports will have uniformity and specific nationwide reliability and validity. We find no problem with the State Board's requirement that a licensee, who undertakes to issue a certified audit, must be a CPA and be familiar with all current requirements for examination of the client's financial records in obligation to address all specified requirements in the audit report preparation. If the accountant is unprepared to assume the responsibility, there is no career requirement existent to perform this character of accounting services. *Gaines v. Allen,* 20 A.D.2d 598, 245 N.Y.S.2d 907 (1963). Determination of the responsibilities assumed is within the agency regulatory authorization. *Arnold v. Board of Accountancy,* 49 Or.App. 261, 619 P.2d 912 (1980); *McPherson v. Employment Division,* 285 Or. 541, 591 P.2d 1381 (1979). *See also* R.P. Davis, Annotation, *Regulation of Accountants,* 70 A.L.R.2d 433, §§ 2 and 3 (1960).

There is no impermissible delegation of authority by the state regulatory agency in requiring certified public audits to conform to existent national standards of accounting practice. The certification in the report attests to compliance. The constitutional and statutory right of the State Board to regulate the performance of a certified public accountant is not at issue. *Hilkert v. Canning,* 58 Ariz. 290, 119 P.2d 233 (1941); *cf. Wyoming State Bd. of Accountancy v. Macalister,* 493 P.2d 1268 (Wyo. 1972), where at that time, and not true now, the final decision was vested in the office of the Governor.

■ The second defense of discriminatory enforcement finds no greater favor within our appellate review. *Gaines,* 245 N.Y.S.2d at 908. Unfortunately, the many others or "everybody else" response to imperfect conduct cannot be a standard for non-performance unless egregious or malicious maladministration in regulation is demonstrated by specific proof in the record. We fail to find that character of evidence demonstrated here and agree with the conclusion of the district court in its first appellate review. *Lehman v. State Board of Public Accountancy,* 263 U.S. 394, 44 S.Ct. 128, 68 L.Ed. 354 (1923).

In reality, this appeal comes to be a sufficiency of the evidence review. *Westates Const. Co. v. Sheridan County School Dist. No. 2, Bd. of Trustees,* 719 P.2d 1366 (Wyo.1986). We are asked to determine that the audit report imperfections were not materially misleading within the regulatory standards for rigid and exacting professional performance. Existence of cumulative mischaracterizations and detail imperfections in the final product is admitted. We will not separately

of CPA licenses. The issue of discriminatory enforcement of regulatory provisions addresses the statutory arbitrary or capricious standard for our appellate review. Wyo.Stat. § 16–3–114(c)(ii)(A) (1990); *Union Telephone, Co., Inc. v. Wyoming Public Service Com'n,* 833 P.2d 473 (Wyo.1992).

The Wyoming statutory standard for review of administrative agency action is found in Wyo.Stat. § 16–3–114(c)(ii):
(ii) Hold unlawful and set aside agency action, findings and conclusion found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
*See also* W.R.A.P. 12.09, which provides in part: "The court's review shall be limited to a determination of the matters specified in § 16–3–114(c)."

undertake a factual analysis following the administrative agency determination. The authority to make discretional decisions about standards of CPA auditing practices is invested exclusively in the State Board. *Park Place–Dodge Corp. v. Collins,* 75 Misc.2d 25, 346 N.Y.S.2d 949, 952 (1973), *aff'd* 43 A.D.2d 910, 352 N.Y.S.2d 415 (1974).

This administrative agency decision appeal presents sufficiency of the evidence standard of review overlaid with contentions of a regulatory agency discriminatory decision. Those issues invoke precedent about which there is detailed case law. This court recently and comprehensively stated those procedural rules and determinative principles in *Union Telephone Co., Inc. v. Wyoming Public Service Com'n,* 821 P.2d 550, 556–57 (Wyo.1991) (and additionally in *Union Telephone Co., Inc. v. Wyoming Public Service Com'n,* 833 P.2d 473 (Wyo.1992)):

> In reaching a determination with respect to whether the factual decision of an administrative agency is arbitrary and capricious, our standard is that we review the entire record and determine whether the decision can be supported by evidence found in that record. *Palmer v. Board of Trustees of Crook County School District No. 1,* 785 P.2d 1160 (Wyo.1990). * * *
>
>  \*   \*   \*   \*   \*   \*
>
> * * * In reaching the determination as to whether the record encompasses substantial evidence to support the agency decision, we also review the entire record presented before the agency. *Matter of Warehime,* 806 P.2d 292 (Wyo.1991); *Tri–State Generation and Transmission Association, Inc. v. Wyoming Public Service Commission,* 784 P.2d 627 (Wyo.1989); *Western Radio Communications, Inc. v. Two–Way Radio Service,* 718 P.2d 15 (Wyo.1986). In this court,

the burden of establishing the absence of substantial evidence is assigned to the party challenging the sufficiency of the evidence. *Palmer; Western Radio.* Substantial evidence is relevant evidence, which reasonable minds would accept as adequate to support the findings of the agency. *Palmer; McCulloch Gas Transmission Company v. Public Service Commission of Wyoming,* 627 P.2d 173 (Wyo.1981). The administrative agency is vested with the authority to weigh and determine the credibility of evidence based upon its expertise and experience. *Palmer; Western Radio; Matter of Rule Radiophone Service, Inc.,* 621 P.2d 241 (Wyo.1980). We do not substitute our judgment for that of the PSC if the agency decision is supported by substantial evidence. *Mountain States Telephone and Telegraph Company v. Public Service Commission of Wyoming,* 698 P.2d 627 (Wyo. 1985).

In this second appellate review, we affirm the decision of the district court. The sufficiency of the evidence to demonstrate that imperfections existed is clearly sustained in the evidence. Resolution of the relation of performance imperfections to disciplinary action is vested in the administrative agency discretion and responsibility which we, in deciding this appeal, do not find to have been abused.

## IV. CONCLUSION

We affirm the district court in sustaining the disciplinary decision of the Wyoming Board of Certified Public Accountants.