PORTER MUIRHEAD CORNIA & HOWARD, f/k/a Porter Muirhead & Co., a Wyoming corporation, James A. Porter; Robert D. Porter; T. Chris Muirhead; Joanne R. Kumor; James B. Dodson; Dennis R. Howard; Gerald D. Cornia; and Steven W. Hopkins, individually, Appellants (Plaintiffs),

v.

The STATE of Wyoming, By and Through the WYOMING BOARD OF CERTIFIED PUBLIC ACCOUNTANTS, Appellee (Defendant).

No. 92–73.

Supreme Court of Wyoming.

Dec. 23, 1992.

Joel M. Vincent of Vincent & Vincent, Riverton, for appellants.

Steven F. Freudenthal of Herschler, Freudenthal, Salzburg, Bonds & Rideout, P.C., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

URBIGKIT, Justice.

This appeal tests the authority of the Wyoming Board of Certified Public Accountants to adopt regulations requiring that certified public accountants practicing within a corporate business entity "shall remain fully liable and responsible for [their] professional activities, and subject to all rules, regulations, standards and requirements pertaining thereto, as though practicing individually rather than in a corporation."

## I. ISSUES

The basic issue is the regulatory authority of the Wyoming Board of Certified Public Accountants (CPA Board) to require that the professional practitioner retain personal liability for his accounting services, even though acting as a shareholder in a general business corporation.

The particular thrust of appellants' argument is that the authorization by the legislature for accounting firms to incorporate under the general business corporation statute is inconsistent with the rule adopted by the CPA Board that requires full professional liability for each licensed employee of an accounting corporation. Appellants seek the benefit of limited liability normally associated with a business corporation.

We affirm the decision of the CPA Board, as tested and approved in the declaratory judgment decision of the district court, which justified a requirement that the individual CPA retain the same personal liability when using the corporate entity for the professional practice as is the case for the licensee practicing as an individual.

## II. FACTS

Appellant Porter Muirhead Cornia & Howard (Porter Muirhead) commenced practice as a professional corporation, Wyo. Stat. §§ 17–3–101 through 17–3–104 (1989), after passage of the enabling legislation by the Wyoming legislature in 1971. Under that statute, individual liability was maintained and the right for any person to be a shareholder was limited to members practicing in that particular profession.

Changes were made to the CPA licensing statute with the enactment of 1975 Wyo. Sess.Laws ch. 179, Wyo.Stat. §§ 33–3–101 through 33–3–131 (1987). In 1982, based on statutory changes provided in the licensing statute and an Attorney General's opinion of July 5, 1979, Porter Muirhead amended their corporate structure to change from the professional corporate statute, Wyo.Stat. §§ 17–3–101 through 17–3–104, to create an entity organized under the general corporate business statute[1] as permitted by Wyo.Stat. § 33–3–117.[2] For the period of 1982 to 1989, Porter Muirhead practiced under the general business corporation statute without any provision for personal liability of its CPA shareholders. In 1990, this deviation from regulations requiring retained personal liability was recognized by the CPA Board with the resulting disagreement producing the litigation now presented for review by this appeal.

---

1. Formerly Wyo.Stat. §§ 17–1–101 through 17–1–140, repealed by 1989 Wyo.Sess.Laws ch. 249 and renumbered as the present Wyoming Business Corporation Act, Wyo.Stat. §§ 17–16–101 through 17–16–1803 (1989), generally effective on January 1, 1990.

2. One (1) or more persons may organize a corporation for the practice of public accounting as certified public accountants under the general corporation law. The corporation is not required to have more directors than shareholders, but at least one (1) director shall be a shareholder.

The clarity of the requirement for retained personal liability found in the present CPA Board rules is not at issue.[3] Appellants contend that the rules, as adopted in 1991, are inconsistent with the CPA licensing board statute, Wyo.Stat. §§ 33–3–101 through 33–3–131, and specifically, Wyo.Stat. § 33–3–117, which permits the utilization of the general business corporation structure. Consequently, they argue that the limited liability provisions are ineffective and contrary to the statutory authority. In effect, it is suggested that this licensing statute is different than the criteria provided for in the practice of medicine or in the practice of law with a corporate entity.[4]

Broad issues of estoppel are advanced to support appellants' argument of legislative interpretation and administrative agency adaptation based on the Attorney General's opinion of July 5, 1979. The CPA Board responds that longstanding rules required retained personal liability with any corporate practice of this profession and that accountability should be continued as appropriately validated in the 1991 professional practice rules and regulations.

Wyo.Stat. § 33–3–117.

3. Rules adopted in compliance with the Wyoming Administrative Procedure Act, Wyo.Stat. §§ 16–3–101 through 16–3–115 (1990), on February 4, 1991 and duly filed with the Secretary of State, are not subjected in this proceeding to any contention of impropriety in adoption. The CPA Board rules and regulations, in pertinent part, state:

CHAPTER IV
FIRMS, OFFICES, PARTNERSHIPS, CORPORATIONS
Section 1. *Partnerships and Corporations.*
(a) Partnerships and corporations of CPAs must register with the Board in order to furnish professional accounting services to corporations, partnerships, individuals, etc., which are domiciled in or are residents of the state of Wyoming when all or part of the services are performed within the state.
(b) Partnerships and corporations of CPAs furnishing professional accounting services to entities within the state of Wyoming, shall meet registration requirements as follows:
(i) The practice of public accounting in Wyoming is permitted in the partnership form in compliance with W.S. 33–3–118(a)(i–iii).
(ii) The practice of public accounting in Wyoming is permitted in the corporation form in compliance with W.S. 33–3–117 and W.S. 33–3–118(b)(i–viii). Any corporation making application for registration to carry on the practice of public accounting within the state of Wyoming must file a certified copy of the articles of incorporation at the time such application is filed and subsequent amendments thereto within one (1) month after the effective date of the amendment in compliance with the following requirements:
(A) The articles of incorporation shall contain the following language: "No professional services may be provided except by and through licensed or permitted stockholder or stockholders, or licensed or permitted employees, each of whom shall retain his professional license or permit in good standing, and shall remain fully liable and responsible for his professional activities, and subject to all rules, regulations, standards and requirements pertaining thereto, as though practicing individually rather than in a corporation"; and
(B) The articles of incorporation shall contain the following language "All shareholders of the corporation are, and will continually be, licensed or permitted in the profession for which the corporation is formed, and no professional service will be offered by the corporation except by or under the supervision of licensed or permitted stockholders or licensed or permitted employees."
(C) The practice of public accounting in Wyoming is also permitted in the professional corporation form in compliance with paragraph (ii) and subparagraph (B) above and with the additional requirements of W.S. 17–3–101 through 104 specifically but not limited to the requirement·of W.S. 17–3–101 that all owners of capital stock be licensed or permitted under Wyoming law and the requirements of W.S. 17–3–103 with respect to corporate name.

4. *See* Wyo.Stat. §§ 17–3–101 and 17–3–103, which state:
A corporation organized under the Wyoming Business Corporation Act or the Wyoming Statutory Close Corporation Supplement [chapter 17 of this title], whose capital stock is owned exclusively by a person or persons licensed to practice a profession by the state of Wyoming or by an agency, office or instrumentality authorized by the laws of Wyoming to license individuals for the practice of such profession, may, by and through the person or persons of such licensed stockholder or stockholders, or licensed employees, practice and offer professional services in such profession.
Wyo.Stat. § 17–3–101.
The corporate name of every professional corporation shall contain either the words "A Professional Corporation" or the capital initials "P.C.". These words or initials shall be the last word of the name of the professional corporation.
Wyo.Stat. § 17–3–103.

## III. DISCUSSION

No one disputes that a career engagement for the certified public accountant is other than a specialized and very professional occupation. *Christensen v. Wyoming Bd. of Certified Public Accountants*, 838 P.2d 723 (Wyo.1992). The quality and capacity of the individual CPA practitioner is critical to that professional involvement in the broad and consuming business relationships and property and personal liberty interests of the user of accounting services. *Christensen*, 838 P.2d 723. False reports can cause danger to both the estate and personal liberty of the accountant's client.[5]

This court will resolve the complex and well briefed contentions in dispute by two separate and simple conclusions. It is first discerned that the provisions included in the CPA statute, in its 1975 recodification regarding business organizations, did not demonstrate in affirmative intent that obligations for individual liability for mistake or neglect in providing the service should be eliminated. Furthermore, in second concept, we find that the broad authority of the licensing statute, *Christensen*, 838 P.2d 723, does continue a historical right for the CPA Board to require certificated practitioners to retain personal liability for the accounting services rendered.

A consideration of the next section of the CPA licensing statute, additional to Wyo. Stat. § 33–3–117, relating specifically to corporate practice, is instructive:

(b) A corporation organized for the practice of public accounting may register with the board as a corporation of certified public accountants if it meets all of the following requirements:

\* \* \* \* \* \*

(ii) Each shareholder of the corporation is a certified public accountant of some state in good standing and is principally employed by the corpora-

tion or actively engaged in its business;

\* \* \* \* \* \*

(viii) The corporation is in compliance with all board regulations pertaining to corporations practicing public accounting in Wyoming.

Wyo.Stat. § 33–3–118(b)(ii) and (viii).

Wyo.Stat. § 33–3–108(a) provides the authority to the CPA Board to adopt rules and grants discretional authority:

(a) The board shall prescribe rules and regulations not inconsistent with the provisions of this act [§§ 33–3–101 through 33–3–131] as it deems consistent with, or required by, the public welfare. The rules and regulations shall include:

\* \* \* \* \* \*

(ii) Rules of professional conduct for establishing and maintaining high standards of competence and integrity for certified public accountants in the profession of public accountancy;

\* \* \* \* \* \*

(iv) Regulations governing corporations practicing public accounting which use the title, "certified public accountant", including but not limited to rules concerning style, name, title and affiliation with any other organization.

The present CPA Board regulations which are at issue provide a statement of the theory and the purpose for adoption:

The Board believes that the individual responsibility of a professional rendering services to the public may not, and should not, be diluted or altered by virtue of the legal structure under which the professional elects to render services. The proposed regulation preserves and promotes the public welfare and high standards of competence and integrity for certified public accountants by preserving individual accountability of each professional.

We find that the stated purpose follows statutory criteria and fits into grants of

---

**5.** Tests and scholarly writings dating back to antiquity describe the learned professions as, initially, law and then medicine. In the more complicated present societal structure in which

we live, it is clear that a learned profession should also include the way we design and build, architects and engineers, and the way we exist, operate and do business, accountancy.

discretion to be exercised by the regulatory agency. *Arnold v. Board of Accountancy*, 49 Or.App. 261, 619 P.2d 912 (1980); *see also* R.P. Davis, Annotation, *Regulation of Accountants*, 70 A.L.R.2d 433, §§ 2 and 3 (1960). The specific provision found in the present regulations adopted in 1991 is uncomplicated and exacting:

(1) professional services may be rendered only through licensed or permitted individuals; and

(2) that each such individual shall remain fully liable and responsible for his professional activities as though practicing individually rather than in a corporation.

Within the progressive and developing nature of public agency regulation of licensed business activities, we do not find any office here of estoppel to deter changes (if any occurred) in regulatory regime. *Sare v. Sheridan County Bd. of County Com'rs*, 784 P.2d 593 (Wyo.1989). Further, we cannot perceive any defined intent in the statutory language to eliminate the regulatory discretion to deny liability immunity for CPA's practicing within a general business corporation. *Wyoming State Dept. of Educ. v. Barber*, 649 P.2d 681 (Wyo.1982).

We additionally agree with the CPA Board that an appropriate public interest can be found in denying insulation from personal liability to licensed practitioners who do choose the corporate entity business practice. Clearly, in addition to regulation of competency and integrity, Wyo. Stat. § 33-3-108(a)(ii), we can find justification for inclusion of a regulatory assessment of individual accountability for quality of service provided. *Cody Gas Co. v. Public Service Com'n of Wyoming*, 748 P.2d 1144 (Wyo.1988); *State ex rel. Pape v. Hockett*, 61 Wyo. 145, 156 P.2d 299 (1945).

We agree with the analysis stated by the appellee:

The challenged rules fall within the standards of review set forth above, and are valid since they are:

1. Within statutory authority;

2. Reasonable;

3. Within the statutory purpose; and

4. A long-held administrative interpretation in which the legislature has acquiesced.

*See also Meyer v. Norman*, 780 P.2d 283 (Wyo.1989) (practice of law). We also agree with the thoughtful analysis provided in the decision letter of the district court:

Accountability to one's clients for possible malfeasance is one of the high points of any profession. This court concludes that accountability is consistent with the board's responsibility to insure competence and integrity. Having so concluded, the Court must then return to W.S. § 33-3-118(b). Pursuant to that section, particularly subparagraph (viii), the board may require the plaintiffs to structure their corporation to comply with its rules and regulations.

## IV. CONCLUSION

We conclude that nothing in the nature of the statutory changes in the CPA licensing statutes, Wyo.Stat. §§ 33-3-101 through 33-3-131, can be found changing the historical right of the state licensing board to require personal liability of the practitioner for the quality of service in the interest of providing protection for the public. Maintaining the responsibility of personal liability for the practitioner, as delineated in the regulatory rules of the supervising state agency and adopted at the discretion of the agency, is a decision appropriately and justifiably invested with the public interest.

Affirmed.